Lelton Eugene STONEHAM, Appellant,

v.

The STATE of Texas, Appellee.

No. B14–88–239–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 22, 1988.

Stanley G. Schneider, Houston, for appellant.

Cathleen Herasimchuk, Houston, for appellee.

Before PRESSLER, DRAUGHN and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Lelton Eugene Stoneham, was convicted of possession of cocaine. TEX. REV.CIV.STAT. ART. 4476–15, § 4.04(b) (Vernon Supp.1989). The trial court accepted appellant's guilty plea, after overruling appellant's motion to suppress, and assessed punishment at four years confinement in the Texas Department of Corrections. We affirm.

At approximately 3:00 a.m., on October 28, 1987, appellant was driving down Calhoun street. Houston police officer, Raul Yzquirdo, who was on routine car patrol, drove up behind appellant's vehicle and noticed the rear license plate light was out and that appellant was not wearing his safety belt. The officer stopped appellant for these two violations.

When appellant got out of his car, the officer explained why he had stopped appellant and asked for appellant's identification and proof of insurance. Appellant admitted that he possessed neither. Officer Yzquirdo then asked for his name and address. Appellant stated his name and said he was twenty-eight years old. When the officer inquired as to the birthdate, appellant said he was born in the early 50's.

The officer noted the inconsistency of appellant's stated age and birthdate and asked twice more for the correct birthdate. Appellant continued to state that he was born in the early 50's.

Although Officer Yzquirdo originally intended to issue a traffic citation, he then decided to arrest appellant for the traffic violations and possessing no driver's license. Officer Yzquirdo subsequently searched appellant's person and found the cocaine which is the basis of this conviction.

In two points of error, appellant contends the trial court erred in overruling his motion to suppress the introduction of the cocaine into evidence. He alleges the search of his person was unreasonable because it was based on a warrantless pretext arrest, in violation of the Fourth and Fourteenth Amendments to the U.S. Constitution; Article 1, section 9 of the Texas Constitution and Article 14.01 of the Texas Code of Criminal Procedure.

Appellant avers that certain facts exist to show the pretextual nature of his arrest. Appellant notes that Officer Yzquirdo had seen appellant before, that the officer could not recall whether appellant's passenger wore a seat belt, that the officer's report did not mention appellant's traffic violations and that appellant had committed no felony, attempted escape or offense against the public peace in the officer's presence.

It is axiomatic that an arrest for one crime cannot be used as a pretext to search for evidence of another. *U.S. v. Lefkowitz*, 285 U.S. 452, 467, 52 S.Ct. 420, 424, 76 L.Ed. 877 (1932). A finding that a pretextual arrest was employed will render the subsequent search unreasonable. *Amador–Gonzalez v. U.S.*, 391 F.2d 308 (5th Cir.1968). Because the language of the Fourth Amendment proscribes unreasonable searches and seizures, *Scott v. U.S.*, 436 U.S. 128, 137, 98 S.Ct. 1717, 1723, 56 L.Ed.2d 168 (1978), evidence resulting therefrom is inadmissible in a court of law. *Mapp v. Ohio*, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961).

When a Fourth Amendment violation is alleged to have occurred, courts must first undertake an objective assessment of the officer's actions "in light of the facts and circumstances then known to him" at the time of the arrest. *Scott*, 436 U.S. at 137, 98 S.Ct. at 1723; *Terry v. Ohio*, 392 U.S. 1, 20–22, 88 S.Ct. 1868, 1879–1880, 20 L.Ed.2d 889 (1968). That the officer does not have the state of mind correlative to the reasons which provide legal justification for his conduct does not invalidate the action taken as long as the circumstances, viewed objectively, justify the action. *Scott*, 436 U.S. at 137–138, 98 S.Ct. at 1723; *U.S. v. Robinson*, 414 U.S. 218, 236, 94 S.Ct. 467, 477, 38 L.Ed.2d 427 (1973); *Williams v. State*, 726 S.W.2d 99, 100–101 (Tex.Crim.App.1986). The officer's motive or intent will become relevant only after it appears that constitutional guarantees have been violated. *Scott*, 436 U.S. at 139, fn. 13, 98 S.Ct. at 1724, fn. 13.

In the oft-cited case of *Amador–Gonzalez* the court noted various factors which can establish the existence of a pretext arrest. The officer's routine duty, the timing of and circumstances surrounding the arrest, the relationship between the search and the arrest and finally, the officer's reasons or motive. *Amador–Gonzalez*, 391 F.2d at 315. *See also Black v. State*, 739 S.W.2d 240, 244 (1987). In this instance, it was Officer Yzquirdo's routine duty to enforce traffic laws. The lack of a rear license plate light and appellant's failure to wear a safety belt was sufficient authority to detain or arrest appellant without a warrant. TEX.REV.CIV.STAT.ANN. ART. 6701d, §§ 108(a), 107C, 111(c), 153 (Vernon 1977 & Supp.1989). Likewise, the officer had probable cause to arrest appellant for his failure to produce a valid driver's license. *Snyder v. State*, 629 S.W.2d 930, 934 (Tex.Crim.App.1982); TEX.REV.CIV.STAT. ANN. ART. 6687b, § 13 (Vernon 1977 & Supp.1989). A search incident to a lawful arrest requires no warrant if it is restricted to a search of the person or objects immediately associated with the person of the arrestee. *U.S. v. Robinson*, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973); *Gustafson v. Florida*, 414 U.S. 260, 94 S.Ct. 488, 38 L.Ed.2d 456 (1973); *Chimel v. California*, 395 U.S. 752, 89 S.Ct. 2034, 23

L.Ed.2d 685 (1969); *Stewart v. State*, 611 S.W.2d 434 (Tex.Crim.App.1981). Here, the officer was justified in searching appellant's person to ensure against weapons or materials which could facilitate escape. *Preston v. U.S.*, 376 U.S. 364, 367, 84 S.Ct. 881, 883, 11 L.Ed.2d 777 (1964); *U.S. v. Robinson*, 414 U.S. at 236, 94 S.Ct. at 477; *Stewart*, 611 S.W.2d at 436–437.

■ Appellant does not demonstrate how the officer's having previously seen appellant or how the officer's inability to recall the passenger's use of a safety belt converts this officer's actions into a pretext arrest. The officer was driving behind appellant's car when he noticed the traffic violations. The officer said he could not see appellant's face but could see there was no plate light and that appellant was not wearing a safety belt. There was no evidence to suggest that appellant was stopped for any purpose other than failing to have a rear license plate light and failing to wear his safety belt. On both direct and cross-examination, Officer Yzquirdo never equivocated that he stopped appellant's vehicle for the traffic violations. The cumulative effect of these offenses, in addition to appellant's failure to produce his driver's license, resulted in appellant's arrest.

Although the officer may have failed to include the plate light and safety belt violations in his offense report, the officer's testimony regarding these violations was uncontroverted. *See e.g. Scott*, 436 U.S. at 139, fn. 13, 98 S.Ct. at 1724, fn. 13 (court may assess officer's credibility). As noted earlier, in addition to these two violations, appellant failed to produce proof of insurance or a valid driver's license. Officer Yzquirdo did note these offenses in his report. The arrest for appellant's violation of traffic laws as well as appellant's subsequent arrest for possession of cocaine was proper. *Christopher v. State*, 639 S.W.2d 932 (Tex.Crim.App.1982). The two points of error are overruled.

The judgment is affirmed.