IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-90-323-CR





KIRK ANDREW WRIGHT, a/k/a KURT ALLEN WHITE



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT



NO. 104,554, HONORABLE BOB JONES, JUDGE 



 




 Appellant entered a plea of guilty before the court to the offense of possession of
a controlled substance, cocaine, in an amount less than 28 grams. See Texas Controlled
Substances Act, Tex. Health & Safety Code Ann. § 481.115(b) (Pamph. 1992). Punishment was
assessed at ten years, probated.

 In a single point of error, appellant asserts the court erred in refusing appellant's
motion to suppress evidence seized in violation of both Texas and United States law. We overrule
appellant's point of error and affirm the judgment of the trial court.

 Austin Police Officer Douglas Osgood, the sole witness at the motion to suppress
hearing, testified that he and a fellow officer were on foot patrol about 11:30 p.m. on August 3,
1990, on East Sixth Street in Austin when "we heard some loud noises that sounded like either
backfires or gunshots." The officers turned on to Brazos Street where Osgood observed two men
standing next to a white van at the intersection of Seventh Street. The officers assumed the noises
they had heard came from the van. The van started rolling backward, a distance Osgood
estimated to be "roughly, 200 feet." Osgood related "the van was rolling backward, obviously
too fast -- to being going backwards, because the driver obviously didn't have complete control
of it, from the way it was swerving in the lane."

 Upon arriving at the place where the vehicle ultimately came to a stop, Osgood
"looked inside" the van and observed "a 12-pack of Budweiser beer in cans that had been opened
up." Osgood asked the driver, identified as the appellant, for identification and he responded that
he didn't have any. At this point, Osgood asked the appellant to exit the vehicle. After
complying with the officer's request, Osgood "frisked his pockets for I.D." Osgood "felt in his
left front pocket a small, round, cylinder-shaped object, which I believed to be a vial used to carry
narcotics." Osgood had worked in "narcotics detail" and had seen narcotics carried in this type
of device on numerous occasions.

 Upon removing the vial from appellant's pocket, Osgood was able to see that it
contained a white powder substance the officer believed to be cocaine. Following this discovery,
the officer placed appellant under arrest. Osgood stated he originally approached the van to
investigate a traffic violation and intended to issue a traffic citation rather than arrest the driver.

 A peace officer may arrest an offender without a warrant for a traffic offense, other
than speeding, committed in his presence or within his view. Tex. Code Crim. P. Ann. art. 14.01
(1977). Additional authority for arresting a violator of a traffic offense is given by Tex. Rev.
Civ. Stat. Ann. art. 6701d, § 153 (1977). § 153 provides: "Any peace officer is authorized to
arrest without a warrant any person committing a violation of any provision of [the Uniform Act
Regulating Traffic on Highways]."

 In addressing the matter of an officer's authority to arrest a person for a traffic
violation and conduct a search incident thereto, the court in Snyder v. State, 629 S.W.2d 930, 934
(Tex. Crim. App. 1982) stated:


 Due to the absence of brake lights and a valid inspection sticker, Garrison
was authorized to arrest appellant without a warrant. See Art. 6701d, Secs. 118,
140 and 153, V.A.C.S. Likewise, the officer had probable cause to arrest
appellant due to his failure to produce a valid driver's license. See Art. 6687b,
Sec. 13, V.A.C.S. A search incident to a lawful arrest requires no warrant if it is
restricted to a search of the person or of objects immediately associated with the
person of the arrestee [citations omitted].



 It is an offense to back a vehicle unless such movement can be made with safety
and without interfering with other traffic. Tex. Rev. Civ. Stat. Ann. art. 6701d, § 173 (1977). 
The failure of a person to have a drivers license in his immediate possession at all times when
operating a vehicle and to display the same upon the demand of an officer constitutes an offense
under Tex. Rev. Civ. Stat. Ann. art. 6687b, § 13. (Supp. 1992).

 Where searches have occurred incident to an officer's intent to issue a traffic
citation, objective reasonableness will justify the search without regard to the underlying
motivation of the officer. Scott v. United States, 436 U.S. 128, 137-38 (1978); Williams v. State,
726 S.W.2d 99, 101 (Tex. Crim. App. 1986); Stoneham v. State, 764 S.W.2d 13, 15 (Tex. App.
1988, no pet.). Also, courts have had "no difficulty" in upholding searches as incident to a
defendant's arrest where the formal arrest "followed quickly on the heels of the challenged
search." Rawlings v. Kentucky, 448 U.S. 98, 110-11 (1980); Williams, 726 S.W.2d at 101;
Stoneham, 764 S.W.2d at 14.

 We believe that Osgood and his fellow officer would have been remiss as peace
officers if they had failed to make an investigation after observing a van back "roughly, 200 feet"
at a speed and in a manner which obviously reflected that the driver did not have control of the
vehicle. Following the appellant's inability to furnish a driver's license, the officers were
authorized to arrest appellant for this offense in addition to a backing violation they had earlier
observed. Because they had authority to arrest appellant, it is of no consequence that the officers
may have intended to issue traffic citations. Nor do we have any problem with the "frisks" of
appellant since the officers were authorized to search incident to an arrest. The fact that the
"frisks" occurred immediately prior to the formal arrest is of no importance. We conclude that
the officer's conduct which resulted in the discovery of cocaine was incident to a valid arrest and
did not constitute an invalid seizure under either Texas or United States law. Accordingly,
appellant's point of error is overruled.

 The judgment is affirmed.


 

 Tom G. Davis, Justice

[Before Chief Justice Carroll, Justices B. A. Smith and Davis*]

Affirmed

Filed: March 4, 1992

[Do Not Publish]







































* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (1988).