Garelli v. State 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-196-CR





PAUL FRANK GARELLI,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT



NO. CR91-174, HONORABLE JAMES C. ONION, JUDGE PRESIDING



 




 A jury found appellant guilty of possessing cocaine in an amount less than twenty-eight grams, Tex. Health & Safety Code Ann. § 481.115 (West 1992), and assessed punishment
at imprisonment for five years. Appellant claims that the trial court erred in failing to grant his
motion to suppress evidence secured as a result of an illegal arrest and search contrary to the
Fourth Amendment to the United States Constitution and article I, section 9 of the Texas
Constitution. We will affirm the conviction.



BACKGROUND


 On the afternoon of March 14, 1991, Department of Public Safety ("DPS")
Troopers Scott Haag and Roger Garza observed appellant driving erratically on IH-35, changing
lanes without signalling, speeding, not wearing a seat belt, and driving with an obscured license
plate. When the officers pulled the vehicle over, appellant exited his car and met Officer Haag
between the patrol car and his own car. When asked for his driver's license, appellant explained
that he did not have it but that he had in his car a traffic ticket bearing all pertinent identification
data. Before he would permit appellant to retrieve the ticket, Officer Haag detained appellant
between the two cars and conducted a pat down frisk of appellant's outer clothing, specifically his
back pants pocket. The frisk revealed that appellant was carrying a concealed weapon--brass
knuckles. Officer Haag thereupon told appellant he was under arrest. The officers also arrested
appellant's passenger, Raymond Gindler, for failing to wear a seat belt. Following standard
department policy, the officers then impounded the vehicle, had it towed to the DPS station, and
conducted an inventory search. This search yielded the cocaine that forms the basis of the
conviction.



DISCUSSION


 Appellant filed a motion to suppress the admission of the contraband, which the
trial court denied. On appeal, appellant urges that the cocaine was the fruit of an illegal,
warrantless search of his person and his automobile. In his first point of error, appellant generally
challenges the trial court's denial of his motion to suppress; in his remaining four points of error,
appellant advances more specific arguments to negate the following legal bases for a warrantless
search: (1) the "stop and frisk" search; (2) the "search incident to a lawful arrest"; (3) the
"inventory search"; and (4) the "plain view" search. However, appellant conceded at oral
argument that the success of his appeal turns solely on the conclusion that his arrest was unlawful. 
That is, if appellant's arrest was lawful, then the officers were justified in conducting the searches
that ultimately yielded the contraband, and the conviction must be affirmed. Consequently, we
will focus on appellant's third point of error--that the searches were not conducted incident to a
lawful arrest.

 Appellant does not dispute having committed traffic violations authorizing Officers
Haag and Garza to stop him. See Armitage v. State, 637 S.W.2d 936, 939 (Tex. Crim. App.
1982); Tex. Rev. Civ. Stat. Ann. art. 6701d, § 153 (West 1977). A peace officer may arrest an
offender without a warrant for any offense committed in his presence or within his view. Tex.
Code Crim. Proc. Ann. art. 14.01(b) (West 1977). Following the initial stop, appellant was at
the least subject to arrest for the following offenses: failure to wear a seat belt in violation of
Tex. Rev. Civ. Stat. Ann. art. 6701d, § 153; and failure to carry the appropriate driver's license
while operating a motor vehicle in violation of Tex. Rev. Civ. Stat. Ann. art. 6687b, § 13 (West
Supp. 1993). A peace officer, after a bona fide stop for a traffic offense, may make an arrest for
any other offense discovered during the investigation. Valencia v. State, 820 S.W.2d 397, 399
(Tex. App.--Houston [14th Dist.] 1991, pet. ref'd). In addressing the matter of an officer's
authority to arrest a person for a traffic violation and conduct a search incident thereto, the Court
of Criminal Appeals has stated:



Due to the absence of brake lights and a valid inspection sticker, [the officer] was
authorized to arrest appellant without a warrant. Likewise, the officer had
probable cause to arrest appellant due to his failure to produce a valid driver's
license. A search incident to a lawful arrest requires no warrant if it is restricted
to a search of the person or of objects immediately associated with the person of
the arrestee.


Snyder v. State, 629 S.W.2d 930, 934 (Tex. Crim. App. 1982) (citations omitted).

 Where searches have occurred incident to an officer's intent to issue a traffic
citation, objective reasonableness will justify the search without regard to the underlying
motivation of the officer. Scott v. United States, 436 U.S. 128, 137-38 (1978); Williams v. State,
726 S.W.2d 99, 101 (Tex. Crim. App. 1986); Stoneham v. State, 764 S.W.2d 13, 15 (Tex.
App.--Houston [14th Dist.] 1988, no pet.). Also, courts have had "no difficulty" in upholding
searches as incident to a defendant's arrest where the formal arrest "followed quickly on the heels
of the challenged search." Rawlings v. Kentucky, 448 U.S. 98, 110-11 (1980); Williams, 726
S.W.2d at 101; Stoneham, 764 S.W.2d at 14.

 In this case, it was the officers' routine duty to enforce the traffic laws. Appellant's
failure to wear a seat belt and his inability to furnish a driver's license provided a sufficient basis
for Officers Haag and Garza to detain or arrest appellant without a warrant. The officers were
similarly justified in arresting Gindler for failing to wear his seat belt. Because they had authority
to arrest appellant, it is of no consequence that the officers may have initially stopped appellant
merely to issue a traffic citation. Nor do we have any problem with the pat 

down frisk of appellant, given that Officer Haag was authorized to search incident to an arrest. 
As Rawlings, Williams, and Stoneham demonstrate, the fact that the frisk occurred immediately
prior to the formal arrest is of no importance.

 Because the search of appellant's person was incident to a lawful arrest, we
overrule appellant's third point of error. Moreover, given that appellant and his sole passenger
were lawfully arrested, the officers were authorized to impound the vehicle and conduct the
inventory search (1) that yielded the cocaine. See Delgado v. State, 718 S.W.2d 718, 721 (Tex.
Crim. App. 1986). Hence, we overrule appellant's fourth point of error, as well as his first point
of error challenging the trial court's denial of the motion to suppress. Concluding that the trial
court properly denied appellant's motion to suppress, we need not address his other points of
error.


CONCLUSION


 Based on the foregoing, we affirm the conviction.



 

 Bea Ann Smith, Justice

[Before Justices Powers, Kidd and B. A. Smith]

Affirmed

Filed: June 9, 1993

[Do Not Publish]
1. [1] In South Dakota v. Opperman, 428 U.S. 364 (1976), the Supreme Court held that
inventories conducted pursuant to standard police procedures are reasonable. The purpose of
an inventory is to protect the police against claims or disputes over lost or stolen property, and
to protect the police from potential dangers.