**The STATE of Texas, Appellant,**

v.

**Dennis Vincent WEST, Appellee.**

**No. 05–99–00910–CR.**

Court of Appeals of Texas, Dallas.

June 20, 2000.

Paul G. Stuckle, Plano, for Appellee.

Kelly D. Ludy, McKinney, for Appellant.

Before Justices LAGARDE,
MOSELEY, and FITZGERALD.

## OPINION

KERRY P. FITZGERALD, Justice.

At issue in this appeal is whether it is reasonable for a police officer to arrest an individual based only on his commission of the traffic offense of failure to wear a seat belt. During a search incident to appellee Dennis Vincent West's arrest for a seat belt violation, a police officer discovered marijuana on appellee's person. As a result, appellee was charged with possession of marijuana.[1] He filed a motion to suppress, which the trial court granted. The State appeals the trial court's granting of appellee's motion to suppress. We conclude that appellee's lawful arrest for failure to wear a seat belt was reasonable

because police had probable cause to believe that the traffic violation had occurred and the officer was authorized to conduct a search incident to arrest. Accordingly, we reverse the trial court's order and remand this cause to the trial court for further proceedings.

## BACKGROUND

The following facts are taken from the affidavit of Allen police officer Robert Darin Smith. Smith observed appellee driving a pickup truck without wearing a seat belt and performed a traffic stop. Upon Smith's request, appellee got out of his truck and stepped to the rear of the vehicle. Appellee admitted to Smith that he had been driving without his seat belt and had put on his seat belt only after Smith stopped him. Smith then requested consent to search appellee's vehicle, and appellee consented. Before searching the vehicle, Smith patted appellee down and asked him to remove the contents of his pockets. Appellee removed from his pockets a money clip, a pocketknife, a coin purse, and keys. Because appellee's pants were baggy, Smith patted him down again and felt an object in appellee's pants pocket. Smith asked appellee to show him what remained in his pocket, and appellee refused. Smith had appellee stand in front of the squad car with his hands out of his pockets while Smith called for backup. Smith then told appellee's passenger that appellee had consented to Smith's searching the vehicle. For safety reasons, Smith had the passenger stand and face opposite of Smith. Smith found nothing in appellee's vehicle. Then Smith arrested appellee for failure to wear a seat belt and searched him. Smith found a clear plastic bag of marijuana in appellee's pants pocket.

After he was charged with possession of marijuana, appellee moved to suppress the

---

1. This offense was a Class A misdemeanor because the information alleged that appellee possessed marijuana in an amount of two ounces or less "in, on and within 1,000 feet of real property owned, rented and leased to a school and school board." *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.121, 481.134(f) (Vernon Supp.2000).

contraband as the result of an unreasonable search and seizure. In his motion to suppress, appellee alleged that Smith (1) stopped him without reasonable suspicion of criminal activity, (2) arrested and searched him with neither a warrant, probable cause, nor authority under any warrantless search exception, and (3) searched his vehicle with neither a warrant nor authority under any warrantless search exception. The motion alleged the evidence was obtained in violation of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, article one, section nine of the Texas Constitution, and articles 1.06 and 38.23 of the Texas Code of Criminal Procedure.

The trial court afforded the parties an opportunity only to file affidavits and to submit arguments. The State presented Smith's affidavit, and appellee's attorney filed an unverified statement containing only legal arguments, not facts. After a hearing, the trial court granted appellee's motion. This appeal followed.

## STANDARD OF REVIEW

■■■ We review motions to suppress under the standard set forth in *Guzman v. State*, 955 S.W.2d 85 (Tex.Crim.App.1997). The standard of appellate review depends on the type of question presented. *Guzman* recognizes three types of questions: (1) historical facts that the record supports, especially when the trial court's fact findings are made on the basis of an evaluation of credibility and demeanor; (2) application of law to fact questions, *i.e.,* mixed questions of law and fact, whose ultimate resolution turns on an evaluation of credibility and demeanor; and (3) mixed questions of law and fact whose resolution does not turn on an evaluation of credibility and demeanor. *Id.* at 89. When reviewing the first two types of questions, we show almost total deference to the trial court's determination because of the trial court's exclusive fact finding role and because a trial court is in an appreciably better position to decide the issue. *Id.*

When reviewing the third type of question, one whose resolution does not turn on an evaluation of credibility and demeanor, we will determine the issue independently, or *de novo. Id.*

Before we determine which standard is appropriate in this case, it should first be observed that this case does not involve the typical scenario. In many reported cases, after the accused filed a motion to suppress, the trial court conducted a hearing, considered the *live* testimony presented, and made a ruling. In the instant case, the trial court ordered the matter to be determined upon written affidavits. *See* TEX.CODE CRIM. PROC. ANN. art. 28.01, § 1(6) (Vernon 1989) (authorizing trial courts to determine merits of motions to suppress on motions themselves, upon affidavits, or upon oral testimony).

The court in *Guzman* reviewed the available standards, either deference or *de novo,* and the circumstances that would dictate which standard to employ. *Guzman* instructed appellate courts to afford almost complete deference to the trial court's (1) determination of the historical facts that the record supported and (2) rulings on application of law to fact questions (mixed questions of law and fact) if the determinations and rulings are based on an evaluation of credibility and demeanor. Otherwise, the appellate court may review *de novo* mixed questions of law and fact which "do not turn on an evaluation of credibility and demeanor." *Guzman,* 955 S.W.2d at 89; *see also Lane v. State,* 971 S.W.2d 748, 752 (Tex.App.-Dallas 1998, pet. ref'd); *Walter v. State,* 997 S.W.2d 853, 857 (Tex.App.-Austin 1999, pet. granted).

■■■ Issues involving probable cause, reasonable suspicion, and consent in the search and seizure domain generally involve mixed questions of law and fact. *See Ornelas v. United States,* 517 U.S. 690, 697–99, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996); *Guzman,* 955 S.W.2d at 87–89. If the facts are undisputed, the appellate

court should employ *de novo* review.[2] *See Oles v. State*, 993 S.W.2d 103, 106 (Tex. Crim.App.1999); *Maestas v. State*, 987 S.W.2d 59, 62–63 & n. 8 (Tex.Crim.App.), *cert. denied*, —— U.S. ——, 120 S.Ct. 93, 145 L.Ed.2d 79 (1999); *Guzman*, 955 S.W.2d at 85, 89; *Brown v. State*, 986 S.W.2d 50, 51 (Tex.App.-Dallas 1999, no pet.). The critical inquiry is whether the issue "turns" on an evaluation of "credibility and demeanor." *Loserth v. State*, 963 S.W.2d 770, 772–73 (Tex.Crim.App.1998). On appeal, the appellate court is limited to deciding whether the trial court erred in applying the law to the facts. *Guzman*, 955 S.W.2d at 87–89. A *de novo* review is proper in this case.

## APPLICABLE LAW

■■■ The movant on a motion to suppress has the initial burden to produce evidence that defeats the presumption of proper police conduct. *Russell v. State*, 717 S.W.2d 7, 9 (Tex.Crim.App.1986). Once the defendant establishes that the actions of police were not supported by an arrest or search warrant, the burden shifts to the State to prove the reasonableness of the search and seizure. *Id.* at 9–10.

■■■ A search incident to a lawful arrest requires no additional justification. *United States v. Robinson*, 414 U.S. 218, 235, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973). With certain exceptions not applicable here, an officer may arrest without a warrant a person he finds committing a traffic violation.[3] *See* TEX. TRANSP. CODE ANN. § 543.001 (Vernon 1999); *see also* TEX. CODE CRIM. PROC. ANN. art. 14.01(b) (Vernon 1977). Operating a motor vehicle without wearing a seat belt is a traffic violation. TEX. TRANSP. CODE ANN. § 545.413 (Vernon Supp.2000). Thus, an officer may arrest a driver for failure to wear a seat belt.

*Madison v. State*, 922 S.W.2d 610, 612 (Tex.App.-Texarkana 1996, pet. ref'd); *Valencia v. State*, 820 S.W.2d 397, 399 (Tex. App.-Houston [14th Dist.] 1991, pet. ref'd).

■■■ When an officer has probable cause to believe a suspect is committing an offense, even a traffic offense, an arrest of the suspect is reasonable. *See Robinson*, 414 U.S. at 235, 94 S.Ct. 467 (driving while license revoked); *Gustafson v. Florida*, 414 U.S. 260, 265–66, 94 S.Ct. 488, 38 L.Ed.2d 456 (1973) (driving without license in possession); *see also Brown v. State*, 481 S.W.2d 106, 109 (Tex.Crim.App.1972). The validity of an arrest or stop should be determined solely by analyzing objectively the facts surrounding the event. *Garcia v. State*, 827 S.W.2d 937, 943 (Tex.Crim.App. 1992); *see Crittenden v. State*, 899 S.W.2d 668, 673–74 (Tex.Crim.App.1995); *see also Whren v. United States*, 517 U.S. 806, 810–11, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996) (cited by appellee).

## DISCUSSION

The State argues that because Officer Smith had probable cause to believe appellee had committed the traffic offense of failure to wear a seat belt, he was authorized to arrest appellee and conduct a search of his person incident to the arrest. Thus, the State contends, the marijuana taken from appellee's pocket was lawfully seized.

Appellee contends on appeal, as he did in the trial court, that a custodial arrest for the minor offense of failure to wear a seat belt is unreasonable. Appellee concedes the transportation code authorized Smith to make a custodial arrest for appellee's failure to wear a seat belt. He does not claim the police were abusive in the arrest or conducted the arrest in an extraordinary manner. Rather, he contends

---

2. Of course, whether the facts are disputed or not, the unsuccessful party would be well advised to request findings of fact and conclusions of law from the trial court. *See State v. Ross*, 999 S.W.2d 468, 473–74 (Tex.App.-Houston [14th Dist.] 1999, pet. granted).

3. An officer is required to release a Class C misdemeanor offender upon citation only for speeding and open container violations. *See* TEX. TRANSP. CODE ANN. § 543.004(a) (Vernon Supp.2000); *see also* TEX.CODE CRIM. PROC. ANN. art. 14.06(b) (Vernon Supp.2000).

it was unreasonable under the circumstances for Smith to invoke that statutory authority and arrest him instead of issuing a citation and releasing him.

 The Texas Legislature has specifically classified failure to wear a seat belt as a traffic offense and deemed an offender subject to custodial arrest. In this case, the uncontroverted evidence shows that Officer Smith observed appellee driving without a seat belt in violation of section 545.413 of the transportation code. Smith had discretion to arrest appellee without a warrant for that offense. *See* TEX. TRANSP. CODE ANN. §§ 543.001, 545.413 (Vernon 1999). Because Smith had probable cause to arrest appellee without a warrant, he was authorized to conduct a warrantless search of appellee incident to that arrest. *See Valencia*, 820 S.W.2d at 400.

 Appellee agrees in his brief that Officer Smith's subjective motivation is irrelevant to the determination of whether appellee's arrest was reasonable. Appellee, nevertheless, questions the judgment Smith showed in deciding to arrest him for failure to wear a seat belt.[4] The law is clear that Smith's motive for arresting appellee instead of issuing a citation is irrelevant.[5] Because Smith was authorized to arrest appellee for failure to wear his seat belt, Smith's decision to arrest

appellee was objectively valid. *See Garcia*, 827 S.W.2d at 943. An objectively valid traffic stop is not unlawful merely because the detaining officer had some ulterior motive for making it. *Crittenden*, 899 S.W.2d at 673–74; *Garcia*, 827 S.W.2d at 943.

 Appellee also argues that an arrest for a seat belt violation is unreasonable because failure to wear a seat belt is a "paternalistic" offense, *i.e.*, one designed to protect an individual from his own conduct.[6] We disagree with the view that laws requiring drivers to wear seat belts are purely to protect drivers from themselves. *See Richards v. State*, 743 S.W.2d 747, 749 (Tex.App.-Houston [1st Dist.] 1987) (noting that Texas seat belt law serves the public safety and welfare by enhancing a driver's ability to maintain control of his vehicle, and by reducing injuries not only to himself, but also to others), *pet. ref'd*, 757 S.W.2d 723 (Tex. Crim.App.1988). Even so, because Smith was authorized to arrest appellee for a seat belt violation, the arrest was reasonable regardless of the nature of the offense. *See Robinson*, 414 U.S. at 235, 94 S.Ct. 467; *Gustafson*, 414 U.S. at 265–66, 94 S.Ct. 488.

 In the trial court, appellee sought to have the evidence suppressed on

4. The record is barren of any evidence to suggest that Officer Smith had an improper motive or conducted a pretextual arrest in this case.

5. "That the officer does not have the state of mind correlative to the reasons which provide legal justification for his conduct does not invalidate the action taken as long as the circumstances, viewed objectively, justify the action." *Stoneham v. State*, 764 S.W.2d 13, 15 (Tex.App.-Houston [14th Dist.] 1988, no pet.); *see Scott v. United States*, 436 U.S. 128, 137–38, 98 S.Ct. 1717, 56 L.Ed.2d 168 (1978); *Williams v. State*, 726 S.W.2d 99, 100–01 (Tex.Crim.App.1986). This Court will certainly not presume Officer Smith acted based upon improper ulterior motives, particularly not on the record presented in this case.

6. In making this argument, appellee relies heavily on the Fifth Circuit's opinion in *Atwater v. City of Lago Vista*, 165 F.3d 380 (5th

Cir.1999). *Atwater* is a civil case in which a motorist arrested for failure to wear a seat belt brought civil rights claims against the arresting officer and others. The arresting officer asserted the defense of qualified immunity, and a three-judge panel held that he was not entitled to the defense because the seizure was objectively unreasonable. *Id.* at 388–89. However, the court later vacated this opinion and granted rehearing *en banc*. On rehearing, the court upheld the summary judgment in the officer's favor, concluding that the arrest was reasonable under the Fourth Amendment because the officer had probable cause to arrest the motorist for the seat belt violation and the arrest was not conducted in an "extraordinary manner." *See Atwater v. City of Lago Vista*, 195 F.3d 242, 245–46 (5th Cir.1999) (en banc).

the alternative ground that Officer Smith was not authorized to conduct a pat-down search of appellee because Smith was not concerned for his safety. In the course of a temporary detention, an officer may conduct a limited search for weapons where it is reasonably warranted for his safety or the safety of others. *See Welcome v. State*, 865 S.W.2d 128, 131 (Tex.App.-Dallas 1993, pet. ref'd). We disagree with appellee that the State did not establish Smith was concerned for his safety in this case. After he stopped appellee, Smith asked appellee to get out of his vehicle and move to the rear of the vehicle. Smith patted appellee down before he entered appellee's vehicle to search it. Also before searching the vehicle, the officer had appellee's passenger exit the vehicle and face opposite him "for safety reasons" and had appellee stand in front of the squad car with his hands out of his pockets. Smith's affidavit sufficiently indicates he performed a pat-down search of appellee out of a concern for his safety. Further, and more importantly, Smith did not discover the marijuana as a result of the pat-down search; he discovered it during a valid search incident to a custodial arrest.

 Finally, we note that in his appellate brief, appellee asserts for the first time that section 543.001 of the transportation code, as it was applied to him, violates the United States and Texas Constitutions. He does not contend the statute is unconstitutional on its face. To preserve for appellate review an attack on the constitutionality of a statute as applied, the defendant must raise the complaint in the trial court. *Curry v. State*, 910 S.W.2d 490, 496 (Tex.Crim.App.1995); *Sullivan v. State*, 986 S.W.2d 708, 711 (Tex.App.-Dallas 1999, no pet.). Thus, this issue is not properly before us.

In conclusion, because Officer Smith had personally observed the commission of an offense and therefore had more than sufficient probable cause to arrest appellee without a warrant for failure to wear a seat belt, he was authorized to conduct a warrantless search of appellee incident to that arrest. Accordingly, the trial court erred in granting appellee's motion to suppress. We sustain the State's point of error.

We reverse the trial court's order and remand this cause to the trial court for further proceedings.