Charles Leon Thornton v. State
















IN THE
TENTH COURT OF APPEALS
 

No. 10-01-345-CR

     CHARLES LEON THORNTON,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 351st District Court
Harris County, Texas
Trial Court # 851,402
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      A jury found Charles Leon Thornton guilty of possession with the intent to deliver a
controlled substance. Thornton elected to have the trial court assess his punishment. He pled true
to two enhancement paragraphs. The court found those enhancements to be true and sentenced
Thornton to 30 years in prison. Thornton appeals the trial court’s judgment. We affirm.
Factual Background
      Deputy John Palermo, with the Harris County Organized Crime Narcotics Task Force, was
leaving the police station in east Harris County, Texas, when he noticed a vehicle pass directly
in front of him. Palermo observed that the passenger was not wearing a seat belt. Palermo
stopped the vehicle and subsequently arrested the driver for an outstanding warrant. The
passenger, Thornton, was ultimately charged with possession with the intent to deliver heroin. 
Thornton gave a taped confession where he admitted to possession of heroin and admitted to his
intent to sell it.
Motion to Suppress
      In his first four issues, Thornton contends that the trial court erred in denying his motion to
suppress. Specifically, he argues that the deputy lacked: probable cause to stop the vehicle in
which Thornton was a passenger; reasonable suspicion to detain Thornton because he was not the
driver; reasonable suspicion to search Thornton; and probable cause to search a blue zippered
pouch held by Thornton.
Law
      At a suppression hearing, the trial judge is the sole and exclusive trier of fact and judge of the
credibility of the witnesses and their testimony. Allridge v. State, 850 S.W.2d 471, 493 (Tex.
Crim. App. 1991). The appropriate standard for reviewing a trial court's ruling on a motion to
suppress is a bifurcated standard of review, giving almost total deference to a trial court's
determination of historical facts and reviewing de novo the court's application of the law. 
Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000) citing Guzman v. State, 955
S.W.2d 85 (Tex. Crim. App. 1997). In this case, the trial court did not make explicit findings of
fact, so we will, therefore, review the evidence in a light most favorable to the trial court's ruling. 
Maxwell v. State, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002).
      Stop and Arrest
      Thornton was stopped because he was not wearing a seat belt in violation of the Texas
Transportation Code. Tex. Trans. Code Ann. § 545.413 (Vernon Supp. 2002). An officer may
lawfully stop and detain a person for a traffic violation committed within his presence. McVickers
v. State, 874 S.W.2d 662, (Tex. Crim. App. 1993); Garcia v. State, 827 S.W.2d 937, 944 (Tex.
Crim. App. 1992); Valencia v. State, 820 S.W.2d 397, 399 (Tex. App.—Houston [14th Dist.]
1991, pet. ref’d). The Transportation Code authorizes an officer to arrest a person without a
warrant for the failure to wear a seatbelt. See id., § 543.001; see also Atwater v. City of Lago
Vista, 532 U.S. 318, 354, 121 S.Ct. 1536, 149 L.Ed.2d 549 (2001); State v. West, 20 S.W.3d
867, 871 (Tex. App.—Dallas 2000, pet. ref’d). When an officer has probable cause to believe a
suspect is committing an offense, even a traffic offense, an arrest of the suspect is reasonable. 
Atwater, 532 U.S. at 354; West, 20 S.W.3d at 871. The validity of an arrest is determined solely
by analyzing objectively the facts surrounding the event. Garcia, 827 S.W.2d at 943; West, 20
S.W.3d at 871.
      Search-Incident-to-Arrest
      Once an officer has probable cause to arrest, he may search the accused and the area within
his immediate control incident to the arrest. Rogers v. State, 774 S.W.2d 247, 264 (Tex. Crim.
App. 1989); Davis v. State, 74 S.W.3d 90, 97 (Tex. App.—Waco 2002, no pet. h.). A search
incident to an arrest may include a search for destructible evidence. Davis, 74 S.W.3d at 97. It
is irrelevant that the arrest occurs immediately before or after the search, as long as sufficient
probable cause exists for the officer to arrest before the search. State v. Ballard, 987 S.W.2d 889,
892 (Tex. Crim. App. 1999); Williams v. State, 726 S.W.2d 99, 101 (Tex. Crim. App. 1986). 
Unlike the limited search for weapons authorized in connection with an investigative detention


,
a general search-incident-to-arrest may include a search of personal effects or items associated with
the arrestee. Snyder v. State, 629 S.W.2d 930, 934 (Tex. Crim. App. 1982); Stewart v. State, 611
S.W.2d 434, 438 (Tex. Crim. App. [Panel Op.] 1981); Joseph v. State, 3 S.W.3d 627, 635 (Tex.
App.—Houston [14th Dist.] 1999, no pet.). See also Lalande v. State, 676 S.W.2d 115 (Tex.
Crim. App. 1984).
Facts
      Deputy Palermo observed that Thornton was not wearing a seat belt as the vehicle in which
he was riding passed in front of Palermo’s patrol unit. Palermo noticed that the shoulder strap of
the seat belt was “flapping in the wind” because the window was open and Thornton did not have
the strap over his chest. Upon stopping the vehicle, Palermo saw that Thornton’s lap belt was not
secured as well. Thornton later gave a statement that the seat belt was broken.
      After Palermo arrested the driver for an outstanding warrant, he asked Thornton to get out
of the vehicle. Palermo testified that at this point, he was going to arrest Thornton for the failure
to wear a seat belt. Thornton complied with Palermo’s request, but immediately placed his hand,
clenched in a fist, in his pocket. Palermo asked Thornton to come around to the rear of the
vehicle and ordered him to take his hand out of his pocket. Palermo had to repeat his order two
times before Thornton complied. When Thornton took his hand from his pocket, his fist was still
clenched. Thornton also turned away from the deputy in a manner that concealed his hand from
the deputy’s view. Palermo ordered Thornton to show Palermo what he had in his hand. He
repeated the order two to three times before Thornton complied. When Thornton opened his hand,
Palermo saw a zippered, blue coin bag.
      Thornton handed the bag to Palermo. Palermo looked in the bag and saw a plastic bag and
small Ziploc bags containing white and brown substances. Palermo recognized the odor emitting
from the bag to be heroin. Palermo then secured Thornton in the back of his patrol unit.
Application
      Palermo was authorized to stop the vehicle in which Thornton was riding because he saw that
Thornton was not wearing a seat belt. His initial observation was confirmed when he saw
Thornton with no seat belt on after the vehicle was stopped. Because Thornton was not wearing
a seat belt, Palermo had probable cause to arrest, and thus, further detain, Thornton. Because
Palermo had probable cause to arrest Thornton, he could lawfully search Thornton and inspect the
blue bag incident to the arrest.
      Issues one through four are overruled.
Legal and Factual Sufficiency of the Evidence
      Thornton also claims that the evidence presented by the State was legally and factually
insufficient to support his conviction. Specifically, he contends the State failed to prove that he
voluntarily possessed the heroin.
Law
      A "legal sufficiency of the evidence review does not involve any weighing of favorable and
non-favorable evidence." Margraves v. State, 34 S.W.3d 912, 917 (Tex. Crim. App. 2000)
(citing Cardenas v. State, 30 S.W.3d 384, 389 (Tex. Crim. App. 2000)). Instead, a legal-sufficiency review calls upon the reviewing court to view the relevant evidence in the light most
favorable to the verdict and determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt. Id. See also Jackson v. Virginia, 443
U.S. 307, 61 L.Ed.2d 560, 99 S.Ct. 2781 (1979) (emphasis in original); Mason v. State, 905
S.W.2d 570, 574 (Tex. Crim. App. 1995).
      Evidence to support a criminal conviction may be factually insufficient in two distinct ways. 
Goodman v. State, 66 S.W.3d 283, 285 (Tex. Crim. App. 2001). First, evidence is factually
insufficient when the only evidence presented on the particular element supports the inference that
the fact is true, but that evidence is simply too weak by itself to support a rational finding. Id. 
Second, the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary
proof. Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000); see also Cain v. State, 958
S.W.2d 404 (Tex. Crim. App. 1997); Clewis v. State, 922 S.W.2d 126 (Tex. Crim. App. 1996). 
The jury is the judge of the credibility of the witnesses and may "believe all, some, or none of the
testimony." Chambers v. State, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).
      Thornton points to section 6.01(b) of the Texas Penal Code and contends the State was
required to prove not only that he had control over the heroin, but that he had possession over it
for a long enough period of time for him to have been able to terminate his control over it. The
Penal Code provides:
(b) Possession is a voluntary act if the possessor knowingly obtains or receives the thing
possessed or is aware of his control over the thing for a sufficient time to permit him to
terminate his control.

Tex. Pen. Code Ann. § 6.01(b) (Vernon 1994).
Facts
      Palermo asked Thornton to get out of the vehicle after he arrested the driver. Thornton
immediately concealed his hand from the deputy. He was asked repeatedly to take his hand from
his pocket. Thornton continued to conceal his hand from the deputy. After repeated requests to
show what was in his hand, Thornton revealed a small blue bag. In the bag were 29 small Ziploc
bags. Fifteen of those bags contained heroin. The remaining 14 bags contained cocaine. After
having his Miranda


 rights read to him, Thornton admitted to Palermo that the heroin was his. 
He also admitted that he was going to sell the drugs for $10.00 a packet.
      Thornton did not testify at trial and did not present any witnesses to testify.
      Based on a review of the record, Thornton had control of the drugs for a sufficient time to
permit him to terminate his control over them. Thus, the evidence was both legally and factually
sufficient to prove that his possession was voluntary. Issues five and six are overruled.
Conclusion
      Having overruled each of Thornton’s issues, the judgment of the trial court is affirmed.
 
                                                                         TOM GRAY
                                                                         Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed August 7, 2002
Do not publish
[CRPM]



pt">Affirmed
Opinion delivered and filed November 20, 1996
Do not publish