Opinion issued April 8, 2004
















In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00329-CR




RALPH NEWLIN WORLEY, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the County Court at Law No. 2
Fort Bend County, Texas
Trial Court Cause No. 98274A




MEMORANDUM OPINION
          A jury found appellant, Ralph Newlin Worley, guilty of eight counts of
unlawful possession of a firearm, enhanced by a conviction of assault against a family
member.


 The jury assessed his punishment at 180 days’ confinement in the county
jail and a fine, both probated for one year. We affirm.
BACKGROUND
          On March 6, 2003, Officer J.G. Herman of the Sugarland Police Department
pulled appellant over for speeding. After appellant stopped, Herman approached the
car and told appellant that he had been traveling at 31 miles-per-hour in a 20 miles-per-hour zone. Appellant responded by asking whether Herman had seen another car
come by at around 90 miles-per-hour and claimed that he was chasing that car.
Herman testified that, as he was speaking to appellant, he saw what appeared to be
a knife in a sheath on the ashtray of appellant’s car. He asked appellant to step out
of the car and move to the rear of the vehicle in order to move him away from the
knife. Herman then asked appellant to move to the passenger side of the car. After
appellant complied, Herman called for backup and proceeded to write appellant a
speeding ticket. Officer Bower arrived a couple of minutes later in response to
Herman’s call for backup. After Bower’s arrival, Herman retrieved the knife from the
ashtray. Herman testified that he could not tell what kind of knife it was initially,
because its handle was wrapped up with tape and the blade was hidden by the sheath. 
However, once Herman removed the knife from the sheath, he determined that it was
a dagger and arrested appellant for possession of an illegal knife. 
          Herman asked appellant whether he had any other weapons in his car, to which
appellant replied that there were several guns in the trunk of the car. Appellant
agreed to allow Herman to inventory his car. In the trunk of the car, Herman found
many firearms, including rifles, shotguns, and handguns, as well as ammunition and
clothing. Appellant acknowledged that the weapons were his. Herman informed
appellant that the weapons would be taken to the Sugar Land Police Department’s
evidence room for safekeeping and that he could retrieve them after he got out of jail,
since they were not evidence of any crime. On March 7, Herman spoke with
Assistant District Attorney Stacey Brownlee, who informed him that appellant had
a final conviction for assault against a family member, prohibiting him from
possessing a firearm. 
DISCUSSION
Sufficiency of the Evidence
          Appellant, in his first and second points of error, contends that the evidence
was legally and factually insufficient to support his conviction for unlawful
possession of a firearm by a person who has been previously convicted of assault
against a family member. Appellant first asserts that the State failed to prove venue
was proper in Fort Bend County. Appellant also contends that the State failed to
establish that appellant had previously been convicted of assault against a family
member because no evidence established that he was the same person described in the
order revoking deferred adjudication and sentencing appellant. In his third point of
error, appellant contends that the trial court erred in denying his motion for a directed
verdict because the State failed to establish (1) that the offense occurred in Fort Bend
County and (2) that appellant had been convicted previously of an assault involving
family violence.
Standard of Review
          In reviewing the evidence on legal sufficiency grounds, we view the evidence
in the light most favorable to the prosecution to determine whether any rational trier
of fact could have found the essential elements of the offense beyond a reasonable
doubt. King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). In reviewing the
evidence on factual sufficiency grounds, all of the evidence as a whole must be
reviewed, and not only in the light most favorable to the prosecution. Clewis v.State,
922 S.W.2d 126, 129 (Tex. Crim. App. 1996). After reviewing the evidence, the
evidence will not be deemed factually insufficient unless (1) it is so weak as to be
clearly wrong and manifestly unjust or (2) the adverse finding is against the great
weight and preponderance of the available evidence. Johnson v. State, 23 S.W.3d 1,
11 (Tex. Crim. App. 2000). However, in a factual sufficiency review, the appellate
court should not substitute its own judgment for that of the fact finder. Jones v. State,
944 S.W.2d 642, 648 (Tex. Crim. App. 1996). To avoid substituting our judgment
for the fact finder’s, therefore, we must defer to the fact finder’s determinations,
particularly those that concern the weight and credibility of the evidence. Johnson
v. State, 23 S.W.3d at 9. 
Venue
          In regard to appellant’s argument that the State failed to prove that venue was
proper in Fort Bend County, we must presume that venue was proved at trial unless
it was disputed in the trial court or the record affirmatively shows otherwise. Tex.
R. App. P. 44.2 (c)(1). 
          Appellant did not contest the issue of venue at trial, and there was no evidence
that venue in Fort Bend County was inappropriate.


 Accordingly, appellant has
waived any complaint regarding venue.
 

Previous Conviction
          Appellant also asserts that the evidence was legally and factually insufficient
to prove that he was previously convicted of assault against a family member,
because, although the State presented court documents indicating that someone with
the name of Ralph Worley had been on a deferred adjudication, which was revoked,
the State did not prove that appellant was the same person described in those
documents. During his testimony, however, appellant admitted that he had been
arrested by the police after he fought with his wife. He further admitted that, in
connection with the previous conviction, he was the person referred to in the
documents, that he was placed on probation, that his probation was revoked, and that
he went to jail for a period after the revocation of his probation. We hold that the
evidence was legally and factually sufficient for a fact finder to determine that
appellant had been previously convicted of assault against a family member. 
          We overrule appellant’s first, second, and third points of error.Motion to Suppress Evidence
          Appellant, in his fourth point of error, asserts that the trial court erred in
denying his motion to suppress evidence. Specifically, appellant argues that the knife
in his car was not in plain view and that the police search was unreasonable.
          We review a trial court’s ruling on a motion to suppress evidence for abuse of
discretion. Villarreal v. State, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996); Taylor
v. State, 945 S.W.2d 295, 297 (Tex. App.—Houston [1st Dist.] 1997, pet ref’d). In
reviewing a trial court’s ruling on a motion to suppress evidence, we give “almost
total deference to a trial court’s determination of historical facts” and review de novo
the trial court’s application of the law of search and seizure. Walter v. State, 28
S.W.3d 538, 540 (Tex. Crim. App. 2000). 
          Appellant argues that the State relied on the plain-view doctrine for the seizure
of the knife. Appellant asserts that, under the plain-view doctrine, because the knife
was sheathed, it was not readily apparent that the knife was of an illegal length and
thus the seizure was illegal. However, the State did not assert that Herman
recognized that the knife was of an illegal length; rather the State argued that Herman
saw the sheathed knife in plain view and within the reach of appellant and that he
took action to ensure his safety. 
          In the course of a temporary detention, an officer may conduct a limited search
for weapons where it is reasonably warranted for his safety or the safety of others. 
State v. West, 20 S.W.3d 867, 873 (Tex. App.—Dallas 2000, pet. ref’d). Here,
Herman could see that appellant had a knife close at hand and took actions to ensure
that the knife was not available to appellant, first by asking appellant to get out of the
car and move away from the knife, and then, once backup had arrived, by securing
the knife. We hold that the trial court did not abuse its discretion by finding that the
police search was reasonable and denying appellant’s motion to suppress evidence. 
          We overrule appellant’s fourth point of error.Admission of Documents
          Appellant, in his fifth point of error, argues that the trial court erred by
allowing the admission of three documents, namely, certified copies of (1) the order
of the court deferring adjudication (State’s exhibit 13), (2) the probation personal data
form (State’s exhibit 14), and (3) the order revoking appellant’s deferred adjudication 
(State’s exhibit 15). The trial court overruled appellant’s objections to the admission
of these documents. Appellant argues that, although the documents, as orders of the
court, may be self-authenticating, the State failed to establish that the orders involved,
referred to, or applied to appellant.



          An appellate court reviews a trial court’s decision to admit or exclude evidence
under an abuse of discretion standard. Burden v. State, 55 S.W.3d 608, 615 (Tex.
Crim. App. 2001). We will not reverse a trial court’s ruling unless the ruling falls
outside the zone of reasonable disagreement. Id.
          The certified copies of the convicting court’s judgment and sentence were
admissible at trial as proof of appellant’s prior conviction. See Tex. R. Evid.
901(b)(7), 902(2) and 902(4); Beck v. State, 719 S.W.2d 205, 209 (Tex. Crim. App.
1986). Furthermore, during his testimony, appellant confirmed that he was the person
referred to in the documents. We hold that the trial court did not abuse its discretion
in admitting these documents establishing appellant’s prior conviction. 
          We overrule appellant’s fifth point of error.
CONCLUSION
          We affirm the judgment of the trial court. 
 
                                                             Sam Nuchia
                                                             Justice
 
Panel consists of Justices Nuchia, Jennings, and Keyes.

Do not publish. Tex. R. App. P. 47.2(b).