NUMBER 13-05-243-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG 

                                                                                                                     


 

MARK BROWN,                                                                               Appellant,

 

                                                             v.

 

THE
STATE OF TEXAS,                                                                  Appellee.

                                                              
                                                                        

       On appeal
from the 351st District Court of Harris County, Texas.

                                                                                                                    
 

 

                               MEMORANDUM
OPINION

 

                         Before
Justices Hinojosa, Yañez, and Garza

                            Memorandum
Opinion by Justice Yañez

 








Following the trial court=s denial of his motion to suppress, appellant, Mark
Brown, pleaded guilty to felony possession of a controlled substance (cocaine),[1]
enhanced by two prior felony convictions. 
Pursuant to a plea bargain, the trial court found him guilty and  sentenced him to twenty-five years= imprisonment. 
In a single issue, appellant contends the trial court erred in denying
his motion to suppress evidence because (1) the arresting officer was not
justified in conducting a Apat down@ search of appellant under Terry v. Ohio,[2]
and (2) even if justified, the Apat-down@ search exceeded the scope of a limited search for
weapons.  We affirm.    

Standard of Review








A trial court=s ruling on a motion to suppress is generally
reviewed for abuse of discretion.[3]  In a suppression hearing, the trial judge is
the sole trier of fact and judge of the credibility of the witnesses and the
weight to be given to their testimony.[4]  In reviewing a trial court=s ruling on a motion to suppress, we afford almost
total deference to the trial court=s determination of the historical facts that the
record supports, especially when the trial court=s
findings turn on evaluating a witness=s credibility and demeanor.[5]  When, as in this case, the trial court makes
no explicit findings of historical fact, we presume it made those findings
necessary to support its ruling, provided they are supported in the record.[6]  We afford almost total deference to the trial
court=s ruling on Aapplication of law to fact questions,@ also known as Amixed questions of law and fact,@ if resolving those ultimate questions turns on
evaluating credibility and demeanor.[7]  We review de novo questions of law and
Amixed questions of law and fact@ that do not turn on an evaluation of credibility
and demeanor.[8]  We uphold a trial court=s ruling on a suppression motion if it is reasonably
supported by the record and is correct on any theory of law applicable to the
case.[9]

The totality of the circumstances test is the
current reasonableness standard for reviewing reasonable suspicion arising in
warrantless arrests.[10]  Determinations of reasonable suspicion and
probable cause should be reviewed de novo on appeal although great
weight should be given to the inferences drawn by the trial court and law
enforcement officers.[11]  An accused seeking to suppress evidence on
the basis of illegal police conduct bears the burden of proof to rebut a
presumption of proper police conduct.[12]


                                                                Applicable
Law








A police officer may arrest an individual without a
warrant only if (1) there is probable cause with respect to that individual and
(2) the arrest falls within one of the statutory exceptions.[13]  One of those exceptions, article 14.01(b) of
the code of criminal procedure, provides that A[a]
peace officer may arrest an offender without a warrant for any offense
committed in his presence or within his view.@[14]  AThe test for probable cause for a warrantless arrest
under [article 14.01(b)] is whether at that moment the facts and circumstances
within the officer's knowledge and of which he had reasonably trustworthy
information were sufficient to warrant a prudent man in believing that the
arrested person had committed or was committing an offense.@[15]

Section 551.104(b) of the transportation code
provides, in part, that

A person may not operate a bicycle at nighttime
unless the bicycle is equipped with:

 

(1) a lamp on the front of the bicycle that emits a
white light visible from a distance of at least 500 feet in front of the
bicycle; . . .[16]


 








With certain exceptions not applicable here, an
officer may arrest without a warrant a person he finds committing a traffic
violation.[17]  Operating a bicycle at night without a light
is a traffic violation.[18]

When a valid arrest has been made, an arresting
officer may conduct a search of the arrested person that is not limited to
searching only for weapons.[19]  A search incident to a lawful arrest requires
no additional justification.[20]

                                                                      Analysis
 

Here, the arresting officer, Houston Police Officer
Ray Rodriguez, testified at the suppression hearing that around 3:00 a.m. on
August 6, 2004, he observed appellant riding a bicycle without a headlight
across several lanes of traffic.  Officer
Rodriguez testified that he questioned appellant and decided to arrest him
after appellant was unable to produce any identification.  According to Rodriguez, he conducted a Apat-down@ search of appellant and felt a lump Aconsistent with cocaine@ in appellant=s pants. 
Appellant admitted the substance was crack cocaine.  Rodriguez testified that the bike appellant
was riding was a Agirl=s blue mountain bike@ that
did not have a headlight.

At the hearing, appellant testified that when
arrested, he was riding a men=s green mountain bike with a light mounted on the
handlebars and that the light was on when he was approached by Officer
Rodriguez.  Two friends of appellant=s also testified that the bike appellant was riding
that evening had an operational handlebar light.  








As noted above, on a motion to suppress, the trial
judge is the sole and exclusive trier of fact and judge of the credibility of
the witnesses and the weight to be given to their testimony.[21]  Thus, the trial court is free to believe or
disbelieve the testimony of any witness.[22]  If the trial court=s findings are supported by the record, this Court
is not at liberty to disturb them.[23]

Although appellant characterizes his Apat-down@ search as pursuant to Terry, we conclude
Officer Rodriguez had probable cause to arrest appellant for violations of the
transportation code before he conducted the search of appellant=s person.[24]  Accordingly, the search was pursuant to a
valid arrest.[25]  

We hold that the trial court did not err in denying
appellant=s motion to suppress evidence.  We overrule appellant=s sole issue and affirm the judgment of the trial
court.  

 

                                                                          
                                                                     

LINDA REYNA YAÑEZ,

Justice

 

 

 

Do not publish. 
Tex. R. App. P. 47.2(b).

Memorandum opinion delivered and filed 

this the 20th day of July, 2006. 











[1]
See Tex.
Health & Safety Code Ann. ' 481.115 (d) (Vernon 2003). 





[2]
See Terry v. Ohio, 392 U.S. 1, 30-31 (1968).





[3] See Ford v. State, 26 S.W.3d
669, 672 (Tex. App.BCorpus Christi 2000, no pet.)
(citing Oles v. State, 933 S.W.2d 103, 106 (Tex. Crim. App. 1999)).





[4] State v. Ballard, 987
S.W.2d 889, 891 (Tex. Crim. App. 1999).





[5] State v. Ross, 32 S.W.3d 853, 856 (Tex. Crim.
App. 2000); Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).





[6] See Carmouche v. State, 10
S.W.3d 323, 327-28 (Tex. Crim. App. 2000). 





[7] Ross, 32 S.W.3d at 856; Guzman,
955 S.W.2d at 89. 





[8]
Ross, 32 S.W.3d at 856; Guzman, 955
S.W.2d at 89. 





[9]
Villarreal v. State, 935 S.W.2d 134, 138 (Tex. Crim.
App. 1996).





[10]
State v. Cerny, 28 S.W.3d 796, 798 (Tex. App.BCorpus Christi 2000, no pet.). 





[11]
Guzman, 955 S.W.2d at 87 (citing Ornelas
v. United States, 517 U.S. 690, 699 (1996)).





[12] Moreno v. State, 124 S.W.3d 339, 344 (Tex. App.BCorpus Christi 2003, no pet.) (citing McGee v. State,
105 S.W.3d 609, 613 (Tex. Crim. App. 2003)). 





[13]
State v. Steelman, 93 S.W.3d 102, 107 (Tex. Crim.
App. 2002).





[14]
Id.; see Tex. Code Crim. Proc. Ann. art.
14.01(b) (Vernon 2005).





[15]
Steelman, 93 S.W.3d at 107 (citing Beverly
v. State, 792 S.W.2d 103, 104‑05 (Tex. Crim. App. 1990)). 





[16] Tex.
Transp. Code Ann. ' 551.104 (b)(1) (Vernon Supp. 2005).  





[17]
State v. West, 20 S.W.3d 867, 871 (Tex. App.BDallas 2000, pet. ref=d); see Tex. Transp. Code Ann. ' 543.001 (Vernon 1999); Tex. Code Crim. Proc. Ann. art.
14.01(b) (Vernon 2005).  An officer is
required to release a Class C misdemeanor offender upon citation only for
speeding and open container violations.  See
Tex. Transp. Code Ann. ' 543.004(a) (Vernon Supp. 2005); Tex. Code Crim. Proc. Ann. art.
14.06(b) (Vernon Supp. 2005).

 

We note that in Atwater
v. City of Lago Vista, 532 U.S. 318, 354 (2001),the United States Supreme
Court held that A[i]f an officer has probable cause
to believe that an individual has committed a very minor criminal offense
[punishable by fine only] in his presence, he may, without violating the Fourth
Amendment, arrest the offender.@  Id.  In Lago Vista, the issue was
whether the  warrantless custodial arrest
of an individual for a first-time seat belt offense (a misdemeanor offense
punishable by fine) was an unreasonable seizure under the Fourth Amendment.  Id. at 324-25.  In concluding that such arrests do not
violate the Fourth Amendment, the majority noted that Asurely the country is not
confronting anything like an epidemic of unnecessary minor-offense arrests.@ 
Id. at 353.  However,
Justice O=Connor, writing for the dissent,
concluded  that A[g]iving police officers
constitutional carte blanche to effect an arrest whenever there is probable
cause to believe a fine-only misdemeanor has been committed is irreconcilable
with the Fourth Amendment=s command that seizures be
reasonable.@ 
Id. at 365-66 (J. O=Connor, dissenting). 
Justice O=Connor notes that under the Court=s holding, Aa relatively minor traffic infraction
may often serve as an excuse for stopping and harassing an individual.@ 
Id. at 372.  She further
notes that A[a]fter today, the arsenal
available to any officer extends to a full arrest and the searches permissible
concomitant to that arrest.@  Id.  We note that in light of the
circumstances in this case, we agree with Justice O=Connor=s concern that A[s]uch unbounded discretion carries
with it grave potential for abuse.@  See id. 





[18]
See Tex.
Transp. Code Ann. ' 551.104 (b)(1) (Vernon Supp. 2005).  





[19]
See Williams v. State, 726 S.W.2d 99, 101 (Tex. Crim.
App. 1986) (en banc).





[20]
 See West, 20 S.W.3d at 871 (citing United States v.
Robinson, 414 U.S. 218, 235 (1973)). 






[21] Ballard, 987 S.W.2d at 891;
Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990).





[22]
Green v. State, 892 S.W.2d 217, 219 (Tex. App.BTexarkana 1995, pet. ref=d). 





[23]
Id.  





[24]
See West, 20 S.W.3d at 871; Williams,
726 S.W.2d at 101.





[25]
See West, 20 S.W.3d at 871.