**Opinion issued August 27, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00197-CR

———————————

**RANDY PAUL MEIBURG, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 228th District Court**
**Harris County, Texas**
**Trial Court Case No. 1329047**

## O P I N I O N

Appellant Randy Paul Meiburg was charged with the felony offense of possession of child pornography, with two enhancements for prior felony convictions. *See* TEX. PENAL CODE § 43.26(a). He pleaded "not guilty" to the

charged offense and "true" to the enhancement paragraphs. A jury found Meiburg guilty and assessed punishment at life in prison. This appeal followed.

Both before and during trial, Meiburg urged a motion to suppress images obtained from his mobile phone. The court denied the motion, and in a single issue on appeal, Meiburg contends that he was subjected to an illegal search when a police officer reached into his pocket and seized his phone. Because we conclude that by that time in the encounter, the officer would have been legally justified in arresting Meiburg, the search was permissible incident to arrest. Accordingly, we affirm.

## Background

Police officer P. Chisolm was working an extra job as a security officer at a Walmart when a shopper told him that her 13-year-old son saw a man looking at him in the restroom with a "shiny object." The officer learned from the mother that the boy was sitting on the toilet when a man had reached underneath the stall with the shiny object and said "that looks nice" or something similar. After speaking with the mother and boy, Officer Chisolm initially investigated by going inside the restroom to determine who was there. The officer wore a uniform of black pants and a gray shirt with "Police" emblazoned on the back. He observed that Meiburg was the only person present. While inside the restroom, Officer Chisolm asked

2

Meiburg if there was anyone else in the restroom. Meiburg answered that he was the only one.

The surveillance video shows Officer Chilsolm exiting the restroom, immediately turning right, and walking towards the mother and her son. Five seconds later Meiburg exited the restroom, turning left and walking in the opposite direction from where Officer Chisolm and the boy were standing. The boy told Officer Chisolm that Meiburg was the man he saw looking at him under the restroom stall, so the officer approached Meiburg from behind and asked him to accompany him to the customer service desk.

Once the two arrived at the customer service desk, Officer Chisolm questioned Meiburg about what he had been doing in the restroom. Meiburg began fidgeting with his pockets, and out of concern for his safety, the officer told him to stop. When Meiburg continued to fidget with his pockets, the officer instructed him to put his hands on a counter and asked him what was in his pockets. When Meiburg responded that he had nothing in his pockets, the officer reached into his pocket and removed a phone.

After he pulled the phone out of Meiburg's pocket, the police officer observed that it had a shiny surface, and he thought that it was the object described by the boy. Meiburg confirmed that the phone belonged to him, and he agreed to the officer's request to "look through it." The phone was on, and the officer swiped

3

the screen to reveal a picture gallery. Upon viewing the pictures, the officer concluded that the phone contained pictures of underage children who were nude or engaged in sexual acts.

Officer Chisolm handcuffed Meiburg, returned the phone back to his pocket, and proceeded to search the rest of his "person." The search uncovered a small mirror in Meiburg's sock. Officer Chisolm then escorted Meiburg to the loss-prevention office. On the way, Meiburg fell to the ground, leading the officer to request assistance from Emergency Medical Services.

As EMS personnel evaluated Meiburg, Deputy M. Murphy of the Harris County Sheriff's Office arrived. Deputy Murphy had been summoned to handle the initial complaint of a suspicious person in the restroom, and he placed Meiburg under arrest. While inventorying Meiburg's property after placing him in handcuffs, Deputy Murphy viewed pornographic images of children on the phone. Deputy Murphy did not turn the phone on or otherwise unlock it when he removed it from Meiburg's pocket.

Deputy Murphy called the District Attorney, who agreed to charge Meiburg for the felony offense of indecency with a child. Murphy then went to the District Attorney's office to provide a supporting affidavit and assist the State in drafting a search warrant to search the contents of the phone. A warrant was issued by a

magistrate and executed by forensic examiners the next day. A search of the phone's contents revealed numerous images of child pornography.

The case was submitted to the jury on the charge of possession of child pornography. The trial court instructed the jury, over the State's objection, to disregard any evidence for which it had a reasonable doubt as to whether it had been illegally obtained. *See* TEX. CODE CRIM. PROC. art. 38.23(a). The jury returned a guilty verdict, and Meiburg was sentenced to life in prison. This appeal followed.

**Analysis**

In a single issue, Meiburg contends that the trial court erred in denying his motion to suppress. He argues that Officer Chisolm conducted an unlawful search by reaching into his pocket and pulling out the phone. Accordingly, Meiburg contends that all images of child pornography later obtained as a result of that search should have been suppressed as "fruit of the poisonous tree."

In reviewing a trial court's ruling on a motion to suppress, we view all of the evidence in the light most favorable to the trial court's ruling. *State v. Garcia–Cantu*, 253 S.W.3d 236, 241 (Tex. Crim. App. 2008). When, as in this case, the trial court does not make explicit findings of fact, we must infer the necessary findings that support the trial court's ruling if the record supports the implied findings. *Id.* We afford almost total deference to the trial court's determination of

5

historical facts, especially when those facts are based on an evaluation of credibility and demeanor. *Id.* But we review de novo legal conclusions based on the facts. *Id.* Like any ruling on the admission of evidence, a trial court's ruling on a motion to suppress is reviewed for an abuse of discretion. *Amador v. State*, 275 S.W.3d 872, 878 (Tex. Crim. App. 2009). Therefore, we must uphold the trial court's ruling if it is reasonably supported by the record and is correct under any theory of law applicable to the case. *Id.* at 878–79. A pretrial evidentiary hearing was held on Meiburg's motion to suppress, and during trial the parties consensually relitigated the legality of the search. We therefore consider the relevant testimony and evidence both from the pretrial hearing and the trial. *See Rachal v. State*, 917 S.W.2d 799, 809 (Tex. Crim. App. 1996).

The parties agree that Officer Chisolm did not have a warrant when he conducted his search. Generally, a warrantless search of a person is considered per se unreasonable under the Fourth Amendment, subject to a "few specifically established and well delineated exceptions." *Minnesota v. Dickerson*, 508 U.S. 366, 372, 113 S. Ct. 2130, 2135 (1993) (quotations omitted); *McGee v. State*, 105 S.W.3d 609, 615 (Tex. Crim. App. 2003). Among these exceptions are voluntary consent to search, search under exigent circumstances, and search incident to arrest. *McGee*, 105 S.W.3d at 615. The State bears the burden to demonstrate that the search was reasonable under one of these exceptions. *Id*.

Meiburg argues that no exception applies in this case. He contends that the police officer only had reasonable suspicion to detain him at the time the phone was extracted from his pocket. Based on this premise, he contends that the officer could conduct only a limited protective search for weapons as part of an investigatory stop. *See Terry v. Ohio*, 392 U.S. 1, 30, 88 S. Ct. 1868, 1884–85 (1968); *Davis v. State*, 829 S.W.2d 218, 221 (Tex. Crim. App. 1992). Furthermore, Meiburg contends that the "incriminating character" of his phone was not "immediately apparent," so the officer was not justified in seizing it as contraband discovered as part of protective search for weapons. *See Dickerson*, 508 U.S. at 375, 113 S. Ct. at 2136–37.

The State argues in response that Officer Chisolm had authority to arrest Meiburg and perform a search incident to arrest, and therefore we need not resolve whether he also was justified in searching the pocket as part of a protective search for weapons.

Officers are permitted, incident to arrest, to search a defendant, or areas within the defendant's immediate control, to prevent the concealment or destruction of evidence. *McGee*, 105 S.W.3d at 615. This includes searching in and removing property from a defendant's pockets. *See State v. West*, 20 S.W.3d 867, 872–73 (Tex. App.—Dallas 2000, pet. ref'd). "It is irrelevant that the arrest occurs immediately before or after the search, as long as sufficient probable cause exists

7

for the officer to arrest before the search." *State v. Ballard*, 987 S.W.2d 889, 892 (Tex. Crim. App. 1999).

"Texas law requires a warrant for any arrest unless one of the statutory exceptions is met." *Anderson v. State*, 932 S.W.2d 502, 506 (Tex. Crim. App. 1996). One of the statutory exceptions provides:

> Where it is shown by satisfactory proof to a peace officer, upon the representation of a credible person, that a felony has been committed, and that the offender is about to escape, so that there is no time to procure a warrant, such peace officer may, without warrant, pursue and arrest the accused.

TEX. CODE CRIM. PROC. art. 14.04.

## I.       Satisfactory proof that a felony had been committed

"Satisfactory proof," under article 14.04, is equivalent to "probable cause." *Hughes v. State*, 24 S.W.3d 833, 838 (Tex. Crim. App. 2000). Probable cause to arrest exists when facts and circumstances within the knowledge of the arresting officer, and of which he has reasonably trustworthy information, would warrant a reasonably prudent person in believing that a particular person has committed or is committing a crime. *Ballard*, 987 S.W.2d at 892.

In this case, the record established that Officer Chisolm had probable cause to arrest Meiburg for the felony offense of indecency with a child at the time he reached into his pocket and extracted the phone. Although Meiburg was ultimately tried on a charge of possession of child pornography, the officers at the scene were

8

told that he could be charged for the felony offense of indecency with a child. A person commits the offense of indecency with a child if he "causes the child to expose . . . any part of the child's genitals" with the intent to "arouse or gratify the sexual desire of any person." TEX. PENAL CODE ANN. § 21.11(a)(2)(B). The child must be under the age of 17. *Id.* § 21.11(a). The Penal Code does not define "expose," but its common meaning includes "to cause to be visible or open to view." MERRIAM WEBSTER'S COLLEGIATE DICTIONARY 410 (10th ed. 1993). A person who uses a mirror to invade the privacy of a restroom stall could cause a child unknowingly to expose his genitals. If a police officer had reason to suspect that a person had done so with the intent to arouse or gratify sexual desire, then the officer would have probable cause to suspect that the felony offense of indecency with a child had been committed. *See* TEX. PENAL CODE ANN. § 21.11(a)(2)(B).

At the time he reached into Meiburg's pocket, Officer Chisolm knew from the mother that a man in the restroom was looking at her son by reaching underneath the stall with a "shiny object." He knew that the person had said something to the effect of "that looks nice." Based on the child's positive identification, Officer Chisholm had trustworthy information that Meiburg was the man in question. *See Ballard*, 987 S.W.2d at 892. These facts and circumstances would warrant a reasonably prudent person to believe that Meiburg, with the intent to arouse or gratify his own sexual desire, had caused the boy to "expose" his

9

genitals in the sense of causing them to be "open to view." All of this information was within Officer Chisolm's knowledge at the time he searched Meiburg's pocket. As a result, Officer Chisolm had probable cause to believe that Meiburg had committed the felony offense of indecency with a child at the time he reached into Meiburg's pocket. *See* TEX. PENAL CODE § 21.11(a)(2)(B); *Ballard*, 987 S.W.2d at 892.

## II. Satisfactory proof that the offender was about to escape

Next, we consider whether Officer Chisolm had satisfactory proof based on information from a credible person or his own observations that Meiburg was about to escape, such that there was no time to procure a warrant. *See* TEX. CODE CRIM. PROC. art. 14.04. The general rule under this provision, as articulated by the Court of Criminal Appeals, is:

> in order for an arrest to be justified under the Art. 14.04 exception to the warrant requirement, there must be some evidence amounting to satisfactory proof, either related by a credible person to an officer or observed by the officer him/herself indicating that the defendant was about to escape so that there was no time to procure a warrant.

*DeJarnette v. State*, 732 S.W.2d 346, 351 (Tex. Crim. App. 1987). Thus Article 14.04 does not require a showing that a suspect was in fact about to escape or that there was in fact no time to procure a warrant. *Fry v. State*, 639 S.W.2d 463, 476 (Tex. Crim. App. [Panel Op.] 1982) (op. on reh'g). Instead, we must look at "all factors involved as well as their special relationship to each other in each case" and

10

determine whether the facts and circumstances known to the officer amounted to a showing of probable cause that the suspect was about to escape. *DeJarnette*, 732 S.W.2d at 352–53. This exception to the warrant requirement may apply when the police officer himself observes conduct which indicates that the offender is about to escape. *Id*. at 350. As a general rule, when the proof of imminent escape consists solely of the officer's observations, those observations must "include evidence of some act *by the suspect* tending to show an intent to escape." *Dowthitt v. State*, 931 S.W.2d 244, 259 (Tex. Crim. App. 1996).

Although not individually dispositive or sufficient, two factors have been given particular significance in this analysis. First, the Court of Criminal Appeals has weighed the proximity in time between the commission of the crime and arrest, along with the suspect's discovery that he is being pursued by law enforcement. *Hughes*, 24 S.W.3d at 839–40; *DeJarnette*, 732 S.W.2d at 352. In this respect, probable cause to suspect imminent escape has been established when law enforcement identifies "the perpetrator while pursuing the fresh trail of a crime, and the identification is made in the perpetrator's presence under circumstances which convey to him the authorities' awareness of his involvement." *Anderson v. State*, 932 S.W.2d 502, 506 (Tex. Crim. App. 1996). Second, the Court of Criminal Appeals has considered the circumstances of the suspect's geographic location, such as a public street where a suspect can more readily escape or dispose of

11

evidence, as opposed to a private residence. *See Hughes*, 24 S.W.3d at 840; *DeJarnette*, 732 S.W.2d at 352.

In this case, the facts known to Officer Chisolm at the time he made the arrest amounted to satisfactory proof that Meiburg's escape was imminent, such that there was no time to procure a warrant. Wearing a uniform that identified him as a police officer, Officer Chisolm first confronted Meiburg in the restroom. When the officer exited the restroom to the right and approached the mother and son, Meiburg immediately exited the restroom and walked away, in the opposite direction, to the left. When the boy identified Meiburg to the officer as the person he had encountered, Meiburg's back was to the officer and he was walking away in the opposite direction, toward the store's exit.

Under these circumstances, the record supports an implied finding that Meiburg discovered the authorities' "awareness of his involvement" with the crime within minutes of the commission of the offense. *See Anderson*, 932 S.W.2d at 506; *see also DeJarnette*, 732 S.W.2d at 352. Moreover, Officer Chisolm had approached Meiburg in a public store, not a private residence. *See Hughes*, 24 S.W.3d at 840; *DeJarnette*, 732 S.W.2d at 352. At the moment the boy positively identified Meiburg, giving the officer probable cause to suspect the commission of a felony, Meiburg was walking away from the officer, towards the store's exit. Considering all the circumstances as a whole, Officer Chisolm had satisfactory

proof to believe that Meiburg had committed a crime and was in danger of escaping before a warrant could be procured. A warrantless arrest of Meiburg was therefore justified. *See* TEX. CODE CRIM. PROC. art. 14.04; *Hughes*, 24 S.W.3d at 839–40.

Consequently, Chisolm's subsequent search of Meiburg's pocket was valid as a search incident to arrest. *See Ballard*, 987 S.W.2d at 892–93. It is irrelevant that Meiburg was not actually arrested until after the search, because the law requires only that Chisolm had probable cause to believe that he had committed a crime. *See id.* We hold that the trial court did not err by denying Meiburg's motion to suppress evidence.

### Conclusion

We affirm the judgment of the trial court.

                                    Michael Massengale
                                    Justice

Panel consists of Justices Keyes, Bland, and Massengale.

Publish.  TEX. R. APP. P. 47.2(b).