Opinion Issued December 10, 2009







 









In The

Court of Appeals

For The

First District of Texas






NO. 01-08-00740-CR

 01-08-00741-CR






HIGHTOWER OBRYANT, Appellant (1)


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 179th District Court

Harris County, Texas

Trial Court Cause Nos. 1105383 & 1105384




 


MEMORANDUM OPINION

 Appellant, Hightower Obryant, appeals a judgment that convicts him for the 
first degree felony offense of possession with intent to deliver more than four grams
and less than 200 grams of cocaine, and a judgment that convicts him for the first
degree felony offense of possessing more than 400 grams of dihydrocodeinone. See
Tex. Health & Safety Code Ann. §§ 481.112(a), (d), 481.117(a), (e) (Vernon
Supp. 2009). (2) After appellant pleaded not guilty, the jury found appellant guilty of
both offenses. The jury determined appellant's punishment for the possession of
cocaine with intent to deliver as 20 years in prison. The jury determined appellant's
punishment for the possession of the dihydrocodeinone as five years in prison and a
$5,000 fine.

 In five points of error, each pertaining to both of the appeals, appellant
contends (1) the evidence is legally insufficient to show appellant intended to deliver
cocaine and is legally insufficient to show he possessed dihydrocodeinone; (2) the
Texas statutory "adulterants and dilutants" provision is facially unconstitutional, and
is unconstitutional as applied to appellant; (3) the trial court erred by admitting
evidence of the controlled substances because the traffic stop from which the
evidence was obtained violated the Equal Protection Clause of the Fourteenth
Amendment of the United States Constitution; (4) the Texas statutory "adulterants
and dilutants" provision allowed appellant to be subjected to cruel and unusual
punishment in violation of his rights under the Eighth Amendment of the United
States Constitution; and (5) the indictment for possession of cocaine with intent to
deliver was improperly enhanced with a "remote" felony. We conclude the evidence
is legally sufficient to convict appellant for both possession of cocaine with intent to
deliver and for possession of dihydrocodeinone, and appellant failed to preserve error
concerning his remaining points of error.

 We affirm.

Background

 On an evening in February 2007, Officer Valles of the Houston Police
Department Narcotics Division was in an unmarked car conducting undercover
surveillance on a small beauty salon. He specifically surveyed the beauty salon
because it had been associated with drug transactions in the past. In the salon's
parking lot, he observed an unknown male conducting what he believed were hand-to-hand drug transactions in the salon's parking lot. 

 Around midnight, appellant arrived at the beauty salon in his vehicle. He met
with the unknown male, shook hands, and then opened the vehicle's trunk. He briefly
leaned in and out of the trunk and then closed it. The unknown male then placed
"something" in appellant's pocket while they shook hands a second time. Appellant
then drove away from the salon. 

 As he followed appellant in his unmarked car, Officer Valles observed
appellant run a stop sign. Officer Valles contacted Officer Kelley over the police
radio, requesting that Kelley stop appellant for the traffic violation. Officer Kelley
turned on the emergency lights of his marked police car, but appellant did not stop. 
As appellant drove several more blocks, he failed to signal when he made a right turn. 
He eventually stopped in a parking lot. 

 When Officer Kelley approached appellant, he smelled marijuana and noticed
a spilled drink on the driver's side floorboard. He asked appellant if he possessed
marijuana. Appellant said yes, and the officer retrieved a bag of marijuana from
appellant. In the cabin of the appellant's vehicle, Officer Kelley also found a bag
containing six ecstacy pills. Officer Kelley placed appellant under arrest and
searched him. In appellant's front jacket pocket, the officer found a cigarette pack
containing 13 small baggies filled with powdered cocaine. 

 Subsequent to appellant's arrest, Officer Valles's inventory search of the
vehicle's trunk revealed a half-opened briefcase containing 14 prescription bottles. 
The bottles contained: dihydrocodeinone pills, alprazolam pills, carsoprodol pills,
Viagra pills, and codeine syrup. The prescription labels on the bottles listed multiple
people as the owners of the various prescriptions. None of the prescription labels
listed appellant's name.

 At trial, James Miller, a controlled substances specialist from the Houston
Police Department Crime Lab, testified that the white powder substance found in
appellant's cigarette pack was cocaine. He testified that when combined, the baggies
contained a total of 5.7 grams of cocaine. He testified that in total, the
dihydrocodeinone bottles contained 508 dihydrocodeinone pills and that the total
aggregate weight of the dihydrocodeinone was 423.2 grams, which included the
pharmaceutical ingredients mixed into the pills as adulterants and dilutants.

 The State presented the testimony of Officer Valles, Officer Kelley, and Miller. 
Appellant presented no witnesses and did not testify. The jury found appellant guilty
of possession of cocaine with intent to deliver, and found appellant guilty of
possession of dihydrocodeinone, which was a lesser included offense of the original
indictment for possession with intent to deliver dihydrocodeinone. Sufficiency of Evidence

 In his fifth point of error, appellant contends the evidence is legally insufficient
to show that appellant intended to deliver cocaine and that he possessed
dihydrocodeinone. 

 A. Law Pertaining to Legal Sufficiency

 In a legal sufficiency review, we consider the entire trial record to determine
whether, viewing the evidence in the light most favorable to the verdict, a rational
jury could have found the accused guilty of all essential elements of the offense
beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct.
2781, 2789 (1979); Vodochodsky v. State, 158 S.W.3d 502, 509 (Tex. Crim. App.
2005). The jurors are the exclusive judges of the facts, the credibility of the
witnesses, and the weight to give their testimony. See Lancon v. State, 253 S.W.3d
699, 707 (Tex. Crim. App. 2008). A jury is entitled to accept one version of the facts
and reject another, or reject any part of a witness's testimony. See id. In reviewing
the evidence, circumstantial evidence is as probative as direct evidence in
establishing the guilt of an actor, and circumstantial evidence alone can be sufficient
to establish guilt. Hooper v. State, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). On
appeal, the same standard of review is used for both circumstantial and direct
evidence cases. Id. B. Intent to Deliver Cocaine

 A person commits the offense possession of a controlled substance with intent
to deliver, namely cocaine, in an amount of 4 to 200 grams, if he knowingly or
intentionally possesses the controlled substance in the prescribed amount, by
aggregate weight, including adulterants or dilutants, and intends to deliver that
controlled substance. See Tex. Health & Safety Code Ann. §§ 481.002(38),
481.102(3)(D) (Vernon Supp. 2009). To prove possession of a controlled substance
with intent to deliver, the State must prove that appellant: (1) exercised care, custody,
control, or management over the controlled substance, (2) intended to deliver the
controlled substance to another; and (3) knew that the substance in his possession was
a controlled substance. Parker v. State, 192 S.W.3d 801, 805 (Tex. App.--Houston
[1st Dist.] 2006, pet. ref'd). 

 Intent to deliver may be proven by circumstantial evidence. Jordan v. State,
139 S.W.3d 723, 726 (Tex. App.--Fort Worth 2004, no pet.); Williams v. State, 902
S.W.2d 505, 507 (Tex. App--Houston [1st Dist.] 1994, pet. ref'd). Intent to deliver
may be inferred from (1) the nature of the location where the defendant was arrested,
(2) the quantity of drugs the defendant possessed, (3) the manner of packaging of the
drugs, (4) the presence or absence of drug paraphernalia (for use or sale), (5) whether
the defendant possessed a large amount of cash in addition to the drugs, and (6) the
defendant's status as a drug user. Jordan, 139 S.W.3d at 726; See also Parker, 192
S.W.3d at 805.

 The first four circumstances are present here. First, concerning the nature of
the location where appellant was arrested, the record shows appellant was seen in an
area associated with drug transactions in the past, meeting someone, and taking
something from the person. Second, the quantity of drugs appellant possessed
suggested he planned to sell them. Officer Valles testified that in his experience,
when police find an amount as high as 5.7 grams of cocaine, and that amount is
packaged and individually wrapped, the cocaine is likely not for personal use, but
rather indicates an intent to deliver. Third, the manner of packaging the drugs also
suggests they were for sale. Appellant's cigarette pack found in his jacket pocket
contained 13 inch-by-half inch ziploc bags, each containing cocaine. Officer Valles
testified the cocaine in the cigarette pack would be worth approximately $500 on the
street if sold in $20 portions, or approximately $300 if all the cocaine appellant
possessed was sold together. Fourth, the absence of drug paraphernalia suggests
appellant did not have the cocaine for personal use.

 Viewing the evidence in the light most favorable to the verdict, a rational jury
could have found that the above facts sufficiently indicated that appellant possessed
the cocaine, intended to deliver it, and knew it was cocaine. Accordingly, we
conclude the evidence is legally sufficient to support the conviction. See Branch v.
State, 833 S.W.2d 242, 245 (Tex. App.--Dallas 1992, pet. ref'd) (holding evidence
legally sufficient where appellant found with 17 baggies of cocaine and $732 cash).

 C. Possession of Dihydrocodeinone 

 A person commits the offense of possession of a controlled substance, namely
dihydrocodeinone, in an amount of more than 400 grams, if he knowingly or
intentionally possesses the controlled substance in the prescribed amount, by
aggregate weight, including adulterants or dilutants. See Tex. Health & Safety
Code Ann. §§ 481.002(38), 481.117(e) (Vernon Supp. 2009). To prove unlawful
possession, the State must establish (1) appellant exercised actual care, custody,
control, or management of the controlled substance, and (2) knew the matter
possessed was contraband. Evans v. State, 202 S.W.3d 158, 161 (Tex. Crim. App.
2006).

 Regardless of whether the evidence is direct or circumstantial, it must establish
that the defendant's connection with the drug was more than fortuitous. Id. at n.9. 
Although courts have used the term "affirmative links" to determine if the evidence
is legally sufficient in a possession case, the legal issue is "whether there was
evidence of circumstances, in addition to mere presence, that would adequately justify
the conclusion that the defendant knowingly possessed the substance." Id. 

 Courts have identified over 12 possible factors to show a link between a
defendant and a narcotic. Among those factors are whether (1) the defendant was
present when the drugs were found; (2) the defendant was in proximity to the drugs
and had access to them; (3) the defendant possessed other contraband; (4) there was
an odor of drugs; (5) the defendant owned or had the right to possess the place where
the drugs were found; (6) the drugs were found in an enclosed place; and (7) the
amount of drugs found was significant. Swarb v. State, 125 S.W.3d 672, 684 (Tex.
App.--Houston [1st Dist.] 2003, pet. dism'd). It is not the number of links that is
dispositive, but rather the logical force of all of the evidence, direct and
circumstantial. Evans, 202 S.W.3d at162.

 The record shows the seven factors described above are present here. 
Concerning the first and second factors, appellant was at the location where the
dihydrocodeinone was found, was seen in close proximity to the drugs, and had
access to them. Officer Valles testified that he observed appellant open and reach
into the trunk of his vehicle and then receive something during a "hand-to-hand
transaction" that appellant conducted with another unknown male at the beauty salon. 
Subsequent to appellant's arrest, Officer Valles found an unlocked briefcase in the
trunk containing the 14 bottles of dihydrocodeinone and other pharmaceutical drugs.

 The other factors also point to appellant's knowing possession of
dihydrocodeinone. Concerning the third factor, appellant possessed other
contraband: cocaine, marijuana, ecstacy pills, and bottles of an assortment of
pharmaceutical drugs, on which none of the prescriptions listed on the bottles
belonged to appellant. Regarding the fourth factor, when Officer Kelley approached
appellant, he smelled marijuana emanating from appellant's vehicle and appellant
acknowledged he possessed marijuana. As related to the fifth and sixth factors,
appellant was seen driving the vehicle where the narcotics were found, and the
narcotics were found in the enclosed space of the vehicle's trunk, where Officer
Valles saw appellant repeatedly access. Finally, regarding the seventh factor, the
amount of drugs was significant in that the total number of dihydrocodeinone tablets
obtained from appellant's briefcase was 508 tablets, and the total weight of those
tablets was 423.2 grams. Officer Valles testified the street value of this amount of
dihydrocodeinone would be worth approximately $4000 to $8000.

 Viewing the evidence in the light most favorable to the verdict, a rational jury
could have found that the above facts when viewed together sufficiently linked
appellant to the briefcase and to the knowing possession of the more than 500
dihydrocodeinone tablets found within it. We, therefore, conclude that the evidence
is legally sufficient to support the possession of dihydrocodeinone conviction. See
Lair v. State, 265 S.W.3d 580, 586-88 (Tex. App.--Houston [1st Dist.], 2008, pet.
ref'd) (holding evidence legally sufficient to establish possession of controlled
substance where Lair greeted another male in parking lot, transaction occurred in
vehicle, money was exchanged; officer stopped vehicle Lair was driving and later
found sack of narcotics in enclosed compartment of vehicle).

 We overrule appellant's fifth point of error for both appeals.

Waiver of Error

 In his four remaining points of error pertaining to both appeals, appellant
makes challenges on appeal that were never presented to the trial court. The general
rule is that a party must make a timely and specific objection at trial to preserve an
issue for appellate review. See Tex. R. App. P. 33.1; Ibarra v. State, 11 S.W.3d 189,
197 (Tex. Crim. App. 1999); Freeman v. State, 230 S.W.3d 392, 407 (Tex.
App.--Eastland 2007, pet. ref'd.). The rule applies to all objections except
complaints involving violations of "rights which are [expressly] waivable only" and
denials of "absolute systemic requirements." Aldrich v. State, 104 S.W.3d 890, 895
(Tex. Crim. App. 2003). Rights that may only be waived expressly include the right
to assistance of counsel and the right to trial by jury. Id.; Freeman, 230 S.W.3d at
407. Absolute systemic requirements are a separate class of rights that cannot be
waived and the deprivation of which may be raised for the first time on appeal. 
Hawkins v. State, 930 S.W.2d 767, 769 (Tex. App.--Beaumont 1998, pet ref'd.). 
Absolute systemic requirements include claims related to reasonable doubt
instruction, personal jurisdiction, subject matter jurisdiction, and a penal statute's
compliance with the Separation of Powers section of the state constitution. Saldano
v. State, 70 S.W.3d 873, 888 (Tex. Crim. App. 2002); Freeman, 230 S.W.3d at 407;
Hawkins, 930 S.W.2d at 770. 

 A. Constitutionality of Statute

 In his second point of error, appellant challenges the constitutional validity of
the adulterants and dilutants provision as applied to him, and he contends the statute
is facially unconstitutional. Because he did not present this challenge to the trial
court, we hold he has waived this point of error. Karenev v. State, 281 S.W.3d 428,
434 (Tex. Crim. App. 2009) (holding facial constitutional challenge must be
presented to trial court first to be preserved for appeal); Curry v. State, 910 S.W.2d
490, 496 (Tex. Crim. App. 1995) (holding points of error concerning constitutionality
of statute as applied to appellant not preserved due to failure to object at trial);
Hooper v. State, 106 S.W.3d 270, 273 (Tex. App.--Austin [1st Dist.], 2003, no pet.)
(same).

 We overrule appellant's second point of error for both appeals.

 B. Equal Protection

 In his third point of error, appellant contends the trial court erred by admitting
evidence of the controlled substances because the traffic stop from which the
evidence was obtained violated the Equal Protection Clause of the Fourteenth
Amendment of the United States Constitution. See U.S. Const. amend. XIV. 
Although he disobeyed two traffic laws, appellant claims the police stopped him
because of his race, and therefore violated his equal protection rights. 

 Rights under the Equal Protection Clause are not categorized as "waivable only
rights" nor are they "absolute systemic requirements." Saldano, 70 S.W.3d at 889;
Freeman, 930 S.W.2d at 408. Therefore, an appellant must preserve an equal
protection error at trial to raise the issue on appeal, even though the evidence
concerns the appellant's constitutional rights. Saldano, 70 S.W.3d at 889. Appellant contends he preserved error through his motion to suppress drug
evidence that was premised on the assertion that the traffic stop was illegal. A motion
to suppress, however, is nothing more than a specialized objection to the admissibility
of evidence. Galitz v. State, 617 S.W.2d 949, 952 n.10 (Tex. Crim. App. 1981). 
Appellant did not support his motion on the grounds of an equal protection claim. On
appeal, appellant's point of error must comport with a specific objection made at trial. 
Wilson v. State, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). Because appellant must
preserve an equal protection error, and he did not object or otherwise raise the equal
protection issue in conjunction with his motion to suppress, we hold appellant waived
the issue on appeal. See Saldano, 70 S.W.3d at 889; Wright v. State, 930 S.W.2d 131,
133 (Tex. App.--Dallas 1996, no pet.) (equal protection claim forfeited by failure to
assert error at trial).

 We overrule appellant's third point of error for both appeals.

 C. Cruel and Unusual Punishment

 In his fourth point of error, appellant contends the adulterants and dilutants
provision violates the Eight Amendment prohibition against cruel and unusual
punishment. We hold he waived this issue on appeal because he failed to assert this
challenge to the trial court. See Curry, 910 S.W.2d at 497-98 (failure to make
specific objection at trial waives Eighth Amendment claim of cruel and unusual
punishment); Solis v. State, 945 S.W.2d 300, 301 (Tex. App.--Houston [1st Dist.]
1997, pet. ref'd) (cruel and unusual punishment error may be waived by failing to
object at trial). 

 We overrule appellant's fourth point of error for both appeals.

 D. Remote Prior Conviction

 Appellant's fifth point of error contends the indictment for possession of
cocaine with intent to deliver was improperly enhanced with a "remote" felony. 
Appellant failed to object at trial to the use of the enhancement on the ground of
remoteness and therefore waives this issue on appeal. See Tex. R. App. P. 33.1. 

 Furthermore, if appellant had not waived this issue, his claim would fail. Rule
609 provides for the admission of a witness's prior conviction for purposes of
impeachment. See Tex. R. Evid. 609. Because appellant's prior conviction was
admitted for enhancement purposes and not for impeachment, Rule 609 would not
require exclusion of the enhancement. See Tex. Penal Code Ann. § 12.42(c)(1)
(Vernon Supp. 2009); Barnett v. State, 847 S.W.2d 678, 679-80 (Tex.
App.--Texarkana 1993, no pet.) (holding prior felony convictions admissible for
punishment and not subject to remoteness attacks under rule 609 of Texas Rules of
Evidence because not offered for impeachment).

 We overrule appellant's fifth point of error for both appeals.

Conclusion

 We affirm the judgments of the trial court.


 


 Elsa Alcala

 Justice


Panel consists of Justices Keyes, Alcala, and Hanks.


Do not publish. Tex. R. App. P. 47.2(b).

1. During oral argument, appellate's counsel informed the court that appellant's name
is Obryant Hightower, not Hightower Obryant. 
2. The possession of cocaine with intent to deliver judgment is appellate cause number
01-08-00740-CR, which is trial court cause number 1105383. The possession of
dihydrocodeinone judgment is appellate cause number 01-08-00741-CR, which is trial
court cause number 1105384.