# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-22-00527-CR

**Gerardo Renee Barlow, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE 33RD DISTRICT COURT OF BURNET COUNTY
### NO. 51043, THE HONORABLE J. ALLAN GARRETT, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Gerardo Renee Barlow of nine counts of the third-degree felony offense of forgery. *See* Tex. Penal Code § 32.21(e)(1) (stating that offense of forgery is third-degree felony if writing purports to be part of issue of money). In two issues, Barlow contends that (i) his "rights to a fair and impartial court guaranteed by due process were violated due to the trial court participating in the plea agreement process and pressuring [him] to plead guilty" and (ii) his "rights to a fair trial were violated by the trial court's denial of [his] objection to the offer of irrelevant law enforcement opinion" that he was affiliated with a gang. For the following reasons, we affirm the judgments of conviction.

# BACKGROUND[1]

A police officer observed Barlow driving a stolen motorcycle without a license plate and initiated a traffic stop. After Barlow was arrested, the responding officers conducted a search incident to his arrest and discovered forged bills on Barlow's person and in an area under the motorcycle's seat. The forged bills included eight $20 bills and one $100 bill. Based on these nine forged bills, the State indicted Barlow for nine counts of forgery.

After Barlow rejected the State's final plea offers, the State's case against him proceeded to a jury trial. During the trial's guilt-innocence phase, responding and investigating officers testified about the traffic stop, Barlow's arrest, and the discovery of the forged bills on his person and in the area under the motorcycle's seat. Barlow did not dispute that the bills were forged. His defense was that the State lacked evidence of the element of intent. *See id.* § 32.21(b) (stating that "person commits an offense if he forges a writing with intent to defraud or harm another"); *see also id.* § 32.21(a)(1) (defining "forge"), (2) (defining "writing" to include money). The jury found Barlow guilty of the nine counts.

In the trial's punishment phase, Barlow pleaded true to an enhancement paragraph alleging a prior felony conviction for possession of a controlled substance. *See id.* § 12.42(a) (enhancing punishment range from third-degree felony to second-degree felony when defendant has previously been finally convicted of felony). The State's evidence in this phase included

---

[1] Because the parties are familiar with the facts of the case, its procedural history, and the evidence adduced at trial, we do not recite them in the opinion except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* Tex. R. App. P. 47.1.

testimony about Barlow's criminal history[2] and, relevant here, his affiliation with a prison gang Tango Blast. Without objection, an officer testified that he observed "a five-point star on [Barlow's] wrist," that "a five-point star was commonly used to identify Tango Blast," that Tango Blast was "a Texas criminal prison gang," and that Barlow had told the officer that "he had been a member of Tango Blast" when he was in prison. On cross-examination, defense counsel asked additional questions about the officer's conversation with Barlow about the tattoo, and the officer confirmed that it was not automatically assumed that someone with a five-point star on their body was in a gang.

The jury sentenced Barlow to eighteen years' confinement for Count I and two years' confinement for each of the remaining counts. The trial court signed judgments in accordance with the jury's verdicts on each count and ordered the sentences to run concurrently. Barlow filed a motion for new trial, which was overruled by operation of law, and this appeal followed.

## ANALYSIS

### Trial Court's Participation in Plea Process

In his first issue, Barlow argues that his "rights to a fair and impartial court guaranteed by due process were violated due to the trial court participating in the plea agreement process and pressuring [him] to plead guilty." During the "plea deadline docket," which

---

[2] The State's evidence included testimony about Barlow's illegal drug use and a vehicle-pedestrian fatality that occurred when he was on bond supervision for the indicted charges in this case. The State presented evidence that Barlow was the driver of the vehicle involved in the accident, that he left the scene of the accident without rendering aid to the pedestrian or calling 9-1-1, and that he appeared to be intoxicated when he was located about two miles from where the accident had happened. The State also presented evidence that Barlow had tested positive for methamphetamine on multiple occasions while the indicted charges were pending against him.

3

occurred about 10 days before trial, the trial court advised the parties that it was "the last day" that the trial court would "accept a plea agreement between the parties prior to that trial." Barlow was sworn in as a witness, and without objection, the trial court confirmed Barlow's understanding of: (i) the nine counts against him; (ii) the punishment range of two to twenty years for each count if the jury found him guilty because of his prior felony conviction; and (iii) the terms of the State's final alternative plea offers to him. After confirming Barlow's understanding, the trial court asked Barlow if he accepted or rejected the State's final offers, and Barlow answered that he rejected it. The trial court then turned to another pretrial matter.

To preserve a complaint for appellate review, including a complaint about a trial court's alleged "improper participation in plea negotiations," the defense must raise the complaint with the trial court by a timely request, objection, or motion that comports with the defense's complaint on appeal. *See* Tex. R. App. P. 33.1(a) (stating required steps to preserve complaints for appellate review); *Hallmark v. State*, 541 S.W.3d 167, 170 (Tex. Crim. App. 2017) ("[A] defendant forfeits error if he fails to object to a trial judge's improper participation in plea negotiations." (citing *Moore v. State*, 295 S.W.3d 329, 333 (Tex. Crim. App. 2009)); *Moore*, 295 S.W.3d at 333 (holding that trial court's "improper intrusion into plea-bargaining process" is subject to requirements of Rule 33.1); *see also Proenza v. State*, 541 S.W.3d 786, 808 (Tex. Crim. App. 2017) ("Almost all error—even constitutional error—may be forfeited if the appellant fails to object."); *Hooper v. State*, 106 S.W.3d 270, 273 (Tex. App.—Austin 2003, no pet.) (stating that counsel must object or otherwise preserve error, "even if [error] is 'incurable' or 'constitutional'" (citing *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996))).

In this case, Barlow did not object to the trial court's questions or comments about his understanding of the indicted charges against him, the possible punishment range for

4

each count, or the State's final plea offers, and he did not raise the complaint with the trial court that he raises in this issue on appeal. Thus, he has not preserved this issue for our review. *See* Tex. R. App. P. 33.1(a); *Hallmark*, 541 S.W.3d at 170; *Moore*, 295 S.W.3d at 333. On this basis, we overrule this issue and do not address its merit. *See Diruzzo v. State*, 581 S.W.3d 788, 797 (Tex. Crim. App. 2019) ("Preservation of error is a systemic requirement."); *Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009) ("If an issue has not been preserved for appeal, neither the court of appeals nor this Court should address the merits of that issue.").

**Gang Affiliation**

In his second issue, Barlow argues that his "rights to a fair trial were violated by the trial court's denial of [his] objection to the offer of irrelevant law enforcement opinion that [his] tattoos were evidence of gang affiliation in violation of Rules 401, 402, 403, and 404(b)" of the Texas Rules of Evidence. *See* Tex. R. Evid. 401, 402, 403, 404(b). Barlow filed a pretrial motion to exclude testimony of his "alleged gang affiliation," but the record does not show that the trial court considered or ruled on this motion. Barlow also filed a separate motion in limine as to "any reference that he may be involved in any gang activity or may be or may have been a gang member," which the trial court granted.

A motion in limine "is a preliminary matter and normally preserves nothing for appellate review." *Fuller v. State*, 253 S.W.3d 220, 232 (Tex. Crim. App. 2008); *see Harnett v. State*, 38 S.W.3d 650, 655 (Tex. App.—Austin 2000, pet. ref'd) (stating that motion in limine, whether granted or not, does not preserve error and that ruling on motion "does not purport to be one on the merits but one regarding administration of the trial"). "For error to be preserved with regard to the subject of a motion *in limine*, an objection must be made at the time the subject is

raised during trial." *Fuller*, 253 S.W.3d at 232; *see Roberts v. State*, 220 S.W.3d 521, 533 (Tex. Crim. App. 2007). Further, to preserve a complaint for appellate review, in addition to raising the complaint with the trial court, the trial court must have ruled on the complaint or refused to do so. *See* Tex. R. App. P. 33.1(a)(2); *Everitt v. State*, 407 S.W.3d 259, 262–63 (Tex. Crim. App. 2013) ("To preserve an issue for appellate review, a complainant must have made a timely and specific objection, and the trial court must have ruled on the objection either expressly or implicitly.").

Here, although Barlow filed a pretrial motion to exclude and the trial court granted Barlow's motion in limine on the subject of gang affiliation, the record does not reflect that the trial court ruled on the pretrial motion, and when the testimony of gang affiliation was offered and admitted at trial, Barlow did not object to the evidence or raise an objection that the prosecutor was violating the motion in limine. In this context, we conclude that Barlow did not preserve this issue for our review and do not further address it. *See* Tex. R. App. P. 33.1(a); *Diruzzo*, 581 S.W.3d at 797; *Ford*, 305 S.W.3d at 532. We overrule Barlow's second issue.

## CONCLUSION

Having overruled Barlow's issues, we affirm the trial court's judgments of conviction.

_____

                                    Rosa Lopez Theofanis, Justice

Before Chief Justice Byrne, Justices Kelly and Theofanis

Affirmed

Filed:   October 27, 2023

Do Not Publish