

## In The
## Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-23-00397-CR
_____

MICHAEL ANTHONY MINOR, APPELLANT

V.

THE STATE OF TEXAS

On Appeal from the 207th District Court
Hays County, Texas
Trial Court No. CR-23-0130-B, Honorable Tracie Wright Reneau, Presiding

January 15, 2025

MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

A jury convicted Appellant Michael Anthony Minor of seven counts of smuggling of persons.[1]  After a bench trial on punishment, the court sentenced him to forty years of

---

[1] "A person commits an offense if the person knowingly: uses a motor vehicle . . . to transport an individual with the intent to . . . conceal the individual from a peace officer or special investigator[.]"  TEX. PENAL CODE ANN. § 20.05(a)(1)(A).  This offense "is a felony of the third degree" unless the "smuggled individual is a child younger than 18 years of age at the time of the offense," in which case it is a "a felony of the second degree[.]"  TEX. PENAL CODE ANN. § 20.05(b), (b)(1)(B).  Here, one of the seven individuals transported by Appellant was under age 18 at the time of the offense.

imprisonment on each count, to run concurrently. This appeal followed.[2] Through four issues, Appellant claims field and conflict preemption, insufficient evidence to support his conviction, infringement of his right to intrastate travel, and charge error producing egregious harm. We overrule each of Appellant's issues, but on our own motion modify each judgment to reflect the correct statute for conviction. As modified, we affirm the judgments of the trial court.

## Background

Near 1:00 a.m. on January 9, 2023, Hays County Deputy John Simpkins was on patrol near Dripping Springs, Texas, when a Toyota Camry caught his attention. The car's rear windows were heavily tinted, and its rear suspension was so compressed that the rear tires nearly touched the wheel wells. When Simpkins pulled behind the Camry, the driver switched lanes and accelerated—maneuvers that Simpkins testified suggested an attempt to evade law enforcement. Simpkins's radar showed the Camry traveling 10 miles per hour over the speed limit; a license plate check revealed unconfirmed auto insurance. Simpkins initiated a traffic stop.

As Simpkins approached the Camry, he observed the rear windows had such dark tinting that even his flashlight barely penetrated the glass. The tint contained air bubbles, which he attributed to a recent or poor installation. Through the dark windows, Simpkins could only make out "two sets of hands very closely next to each other," indicating tightly packed passengers in the backseat. When the driver, Appellant, lowered a window,

---

[2] This appeal was originally filed in the Third Court of Appeals and was transferred to this Court by a docket-equalization order of the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001. In the event of any conflict, we apply the transferor court's case law. TEX. R. APP. P. 41.3.

2

Simpkins saw four men in camouflage clothing squeezed into the three-person back seat. Another camouflage-clad man sat in the front passenger seat.

Appellant offered conflicting explanations for his passengers, saying they were returning from a party, from work, and that he picked them up near Fredericksburg when they asked for a ride. When Appellant revealed another individual was in the trunk, deputies found two camouflage-clad men inside.

Deputies arrested all eight of the vehicle's occupants.[3] Each of the seven passengers carried flashlights and wore wristbands; Simpkins testified cartels commonly used such wristbands to identify people who had paid for border-crossing assistance.

A search warrant for Appellant's phone showed his eastbound travel from Sanderson, Texas, between 4:00 p.m. and 10:00 p.m. the previous day, matching a receipt found in his pocket from Sanderson time-stamped 7:22 p.m. Sanderson sits roughly 20 miles from the Mexico border and 300 miles from the stop location,[4] along a known human smuggling corridor.

Appellant was charged by indictment with seven counts of human smuggling under Texas Penal Code section 20.05(a)(1)(A).[5] After one day of trial testimony and evidence, a jury found him guilty on all counts. At punishment, Appellant pleaded true to three prior

---

[3] The seven passengers were ultimately transported to Austin and released from detention because, according to Simpkins, a state police officer has no authority to arrest or detain undocumented persons.

[4] Trial testimony indicated a drive from Sanderson to the location of the stop would take approximately five hours.

[5] TEX. PENAL CODE ANN. § 20.05(a)(1)(A) ("A person commits an offense if the person knowingly: uses a motor vehicle . . . to transport an individual with the intent to . . . conceal the individual from a peace officer or special investigator[.]").

felony convictions, and the trial court sentenced him to 40 years of imprisonment on each count, to run concurrently.

**Analysis**

Subject Matter Jurisdiction: As-applied Preemption (Field and Conflict)

We begin with Appellant's second issue, wherein he argues the trial court lacked subject matter jurisdiction to adjudicate the charges against him because Texas Penal Code section 20.05(a)(1)(A), as applied to him, was preempted by federal immigration law. Although Appellant did not raise this issue below, preemption affecting forum choice rather than choice of law may be raised for the first time on appeal. *See Gorman v. Life Ins. Co. of N. Am.*, 811 S.W.2d 542, 545–46 (Tex. 1991) (op. on reh'g). We review preemption determinations de novo when they pertain to subject matter jurisdiction. *See State v. Flores*, 679 S.W.3d 232, 243 (Tex. App.—San Antonio 2023, pet. ref'd).

Under the Supremacy Clause a state statute "is void to the extent it conflicts with a federal statute if, for example, compliance with both federal and state regulations is a physical impossibility, or where the law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Maryland v. Louisiana,* 451 U.S. 725, 747, 101 S. Ct. 2114, 68 L. Ed. 2d 576 (1981) (cleaned up); *Bic Pen Corp. v. Carter*, 251 S.W.3d 500, 504 (Tex. 2008) (observing under the Supremacy Clause "when a state law conflicts with federal law, it is preempted and has no effect."). For immigration law specifically, state law is preempted in three instances: (1) if it determines "who should or should not be admitted into the country"; (2) if Congress clearly and manifestly intended

4

to completely oust state power entirely; or (3) it obstructs Congress's purposes. *Flores,* 679 S.W.3d at 243.

Facially, section 20.05(a)(1)(A) does not turn on proof of nationality. *See Elsik v. State*, No. PD-0703-23, 2024 Tex. Crim. App. LEXIS 987, at *4 n.2 (Tex. Crim. App. Nov. 27, 2024). Unlike a statute that has been struck down as preempted, this law applies to anyone who conceals individuals from law enforcement, regardless of citizenship. C*f. Flores,* 679 S.W.3d at 246–47 (upholding section 20.05(a)(1)(A) from preemption challenge)*; United States v. South Carolina,* 720 F.3d 518, 523 n.2 (4th Cir. 2013) (striking down South Carolina statute as preempted by federal immigration law that criminalized transport of persons based on immigration status).

Our sister court recently upheld this statute against similar preemption challenges. *Flores*, 679 S.W.3d at 246–47. In doing so, the Fourth Court of Appeals emphasized that section 20.05(a)(1)(A) "applies to any 'person' who transports an 'individual' with the intent to conceal that individual from the police, regardless of the citizenship status of either." *Id*. The court reasoned that although some applications of the statute might implicate federal immigration priorities, that possibility alone does not create a conflict with federal law. *Id.* at 247.

Appellant also contends the statute cannot survive an as-applied preemption challenge—a test that examines the degree to which a specific scenario conflicts with federal law objectives. *Horton v. Kan. City S. Ry. Co.,* 692 S.W.3d 112, 133 (Tex. 2024). He contends he was "solely prosecuted for giving a ride to some non-citizens," and that his conviction rests entirely on "the citizenship status of his passengers." However, the

5

evidence shows otherwise. Appellant was stopped for speeding, hours from the Mexican border. His vehicle's rear suspension was compressed; its windows haphazardly tinted to conceal occupants. These facts demonstrate Appellant was convicted not because of his passengers' citizenship status, but because he intended to conceal individuals from law enforcement. As indicated above, such conduct is criminalized regardless of immigration status.

Finding no evidence of conduct conflicting with federal immigration objectives, and because Appellant's conviction rested on his concealment conduct rather than his passengers' status, we conclude section 20.05(a)(1)(A) as applied here survives preemption challenge. We overrule Appellant's second issue.

Sufficiency of the Evidence

Appellant also challenges the sufficiency of the evidence supporting the jury's finding that he intended to conceal the five in-cabin passengers from law enforcement. He concedes sufficient evidence supports his conviction for intent to conceal the two passengers found in the Camry's trunk.

We review the evidence in the light most favorable to the verdict, determining whether any rational trier of fact could have found each essential element of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 320, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Brooks v. State,* 323 S.W.3d 893, 896 (Tex. Crim. App. 2010). The jury may judge witness credibility, believe all or part of the testimony, and draw reasonable inferences from basic facts to ultimate facts. *Brooks,* 323 S.W.3d at 894.

A person commits smuggling of persons if they knowingly use a motor vehicle "to transport an individual with the intent to . . . conceal the individual from a peace officer[.]" TEX. PENAL CODE ANN. § 20.05(a)(1)(A). The term "conceal" is not defined by statute or in the jury charge, so jurors may assign it any meaning which is acceptable in common parlance. *Garza v. State,* No. 03-21-00241-CR, 2022 Tex. App. LEXIS 8620, at *9 (Tex. App.—Austin Nov. 23, 2022, no pet.) (mem. op., not designated for publication). The term generally means "to hide, secrete, withhold from the knowledge of others; to withdraw from observation . . . ." *See Anzaldua v. State,* 696 S.W.2d 911, 912 (Tex. Crim. App. 1985) (relying on BLACK'S LAW DICTIONARY).

The question is whether evidence allows a reasonable juror to find Appellant's intent to conceal the in-cabin passengers. *Elsik v. State,* 678 S.W.3d 360, 364 (Tex. App.—San Antonio 2023)*, aff'd,* 2024 Tex. Crim. App. LEXIS 987. When Appellant first came near Simpkins's patrol car, he maneuvered to avoid detection. During the stop, he offered three different, incredible explanations for his actions. His vehicle's compressed rear suspension and heavily tinted windows concealed passengers wearing camouflage clothing, along with two similarly-dressed individuals in the trunk. Based on this evidence, a rational jury could reasonably conclude Appellant intended to hide, secrete, or withhold the passengers from the knowledge of law enforcement; or to withdraw them so they could not be observed. Appellant's first issue is overruled.

Constitutional Right to Intrastate Travel

By his next issue, Appellant asserts section 20.05(a)(1)(A), as applied to him, infringed on his fundamental right to intrastate travel. This complaint appears nowhere in

7

the record as being presented to the trial court with an adverse ruling obtained. Appellant does not explain how the claimed error was preserved for review or how it might be raised for the first time on appeal under the first two categories announced in *Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993) (listing categories exempt from preservation requirements). Almost all error—even constitutional error—may be forfeited without a proper objection. *Proenza v. State*, 541 S.W.3d 786, 808 (Tex. Crim. App. 2017). *See also Hooper v. State,* 106 S.W.3d 270, 273 (Tex. App.—Austin 2003, no pet.) (holding that as general rule, trial counsel must object or otherwise preserve error, "even if [error] is 'incurable' or 'constitutional.'") (cleaned up).

Having failed to preserve this complaint, Appellant has forfeited his right to raise it on appeal. *See* TEX. R. APP. P. 33.1(a) (stating required steps to preserve complaint for appellate review). We overrule his third issue.

Alleged Charge Error

Appellant argues via his fourth issue that the trial court erred by failing to define "conceal" in the jury charge, causing him egregious harm. The trial court must deliver to the jury a written charge "distinctly setting forth the law applicable to the case." TEX. CODE CRIM. PROC. ANN. art. 36.14. We review charge error by first determining whether error exists and, if so, assessing harm. *Garza*, 2022 Tex. App. LEXIS 8620, at *8. Of course, the court enjoys "broad discretion" when deciding whether to submit definitions and explanatory phrases to aid the jury. *Nava v. State,* 379 S.W.3d 396, 420 (Tex. App.—Houston [14th Dist.] 2012)*, aff'd,* 415 S.W.3d 289 (Tex. Crim. App. 2013).

As noted, common statutory terms that are undefined may be interpreted by the jury as having any meaning which is acceptable in common vernacular. *Kirsch v. State,* 357 S.W.3d 645, 650 (Tex. Crim. App. 2012) (cleaned up); *Garza,* 2022 Tex. App. LEXIS 8620, at *9. Though appellate courts may define such terms when reviewing evidence, a trial court's decision to include a definition in the jury charge risks improperly commenting on the weight of evidence. *Kirsch,* 357 S.W.3d at 651.

The trial court reasonably chose not to define this commonly understood term that formed an element of the State's case. We conclude the trial court did not abuse its discretion by omitting from the jury charge a definition of the word conceal. Absent an abuse of discretion, we need not proceed to a harm analysis. *See Garza,* 2022 Tex. App. LEXIS 8620, at *11. Appellant's fourth issue is overruled.

<u>Clerical Error in the Written Judgments</u>

On our review of the record, we note that six judgments state the "Statute for Offense" as "20.05(b) Penal Code," while the seventh lists the offense as "20.05(b)(1)(B) Penal Code." However, Appellant was charged and convicted under Penal Code section 20.05(a)(1)(A).

This Court has authority to modify incorrect judgments when the necessary information is available to do so. *See* TEX. R. APP. P. 43.2(b) (authorizing court of appeals to modify trial court's judgment and affirm it as modified); *Bigley v. State,* 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993) (concluding that Texas Rules of Appellate Procedure empower courts of appeals to reform judgments); *Hopkins v. State,* No. 03-16-00746-CR, 2018 Tex. App. LEXIS 2467, at *54–55 (Tex. App.—Austin Apr. 6, 2018, no pet.) (mem.

op., not designated for publication) (same). Accordingly, we modify each of the seven judgments of conviction to state that the "Statute for Offense" is "20.05(a)(1)(A) Penal Code."

## Conclusion

Having overruled all of Appellant's issues, we modify the trial court's judgments as noted in the last section of this opinion. As modified, we affirm the judgments of the trial court.

Lawrence M. Doss<br>
Justice

Do not publish.